IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.　7:23cv000318 |
| v. | ) | |
| | ) | |
| A & G COAL CORP., | ) | |
| BLUESTONE COAL CORP., | ) | |
| BLUESTONE OIL CORP., | ) | COMPLAINT FOR |
| CHESTNUT LAND HOLDINGS, LLC, | ) | PAYMENT OF CIVIL PENALTIES |
| DYNAMIC ENERGY, INC., | ) | AND RECLAMATION FEE DEBT |
| FRONTIER COAL CO., JUSTICE | ) | |
| ENERGY CO., KENTUCKY FUEL | ) | |
| CORP., NATIONAL COAL, LLC, | ) | |
| PAY CAR MINING, INC., PREMIUM | ) | |
| COAL COMPANY, INC., S AND H | ) | |
| MINING, INC., TAMS | ) | |
| MANAGEMENT, INC., AND | ) | |
| JAMES C. JUSTICE, III, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.     Over the past five years, the thirteen coal companies named in this Complaint as Defendants, each owned and/or operated by Defendant James C. Justice, III, have violated their legal obligations under the Surface Mining Control and Reclamation Act of 1977 ("SMCRA"), 30 U.S.C. § 1201 *et seq.*, or permits issued thereunder, and have failed to pay uncontested penalties assessed for their uncontested violations.  Defendants have been cited for over 130 violations and have failed to pay

over $5 million in civil penalties assessed by the Office of Surface Mining Reclamation and Enforcement ("OSMRE").  In addition, certain Defendants also collectively owe, and have not paid, over $190,000 in Abandoned Mine Land ("AML") reclamation fee debts.

2.     The United States of America, on behalf of the Secretary of the Interior, therefore, brings this action under SMCRA to recover $4,376,328 in uncontested corporate civil penalties, $1,419,959 in uncontested individual civil penalties, and $190,759.97 in uncontested AML reclamation fee and audit debts, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses collectively owed by Defendants, and to hold Defendants accountable for their violations.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1345 (United States as a plaintiff), 1355 (recovery of fines and penalties), and 3001(a) (the Federal Debt Collection Procedures Act ("FDCPA")), and under 30 U.S.C. §§ 1232(e) (reclamation fees), and 1268(d) (civil penalties).

4.     Jurisdiction and venue are proper in this District and Division under 28 U.S.C. §§ 1391(b) (venue generally) and 1395(a) (fines, penalties, and forfeitures) because, for each Defendant, the Defendant resides or maintains its principal place of business in this District, the Defendant has continuous and systemic ties to Virginia, and/or a substantial part of the events or omissions giving rise to the claims against the Defendant occurred in this District.  This Court also has jurisdiction over Defendants, and venue is proper under 28 U.S.C. § 3004(b), because the FDCPA provides for nationwide enforcement of debts owed to the United States.

5.     Venue is also proper in this District and Division under 30 U.S.C. § 1268(d) because this Court is an "appropriate district court of the United States" for recovery of civil penalties and under 30 U.S.C. § 1232(e) because this Court is one of "competent jurisdiction in [an] action at law to compel payment of debts" for recovery of AML reclamation fees.

## PARTIES

6.     Plaintiff is the United States of America, acting pursuant to its authority under SMCRA to file suit on behalf of the Secretary to recover unpaid civil penalties and AML reclamation fees.  30 U.S.C. §§ 1232(e), 1268(d).

7.     A & G Coal Corporation is a Virginia corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia.  A & G Coal Corporation previously stipulated that this Court has jurisdiction over it.  Joint Stipulation for Consent Judgment, *United States v. S. Coal Corp.*, No. 7:19-cv-00354-GEC (W.D. Va. Apr. 1, 2020), ECF No. 44.

8.     Bluestone Coal Corporation is a West Virginia corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia.

9.     Bluestone Oil Corporation is a Delaware corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia.

10.     Chestnut Land Holdings, LLC is a Delaware limited liability company with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia.  Its sole member is Justice Low Seam Mining, Inc.  Justice Low Seam Mining, Inc. is a West Virginia corporation with its principal place of business at 302 South Jefferson Street,

Roanoke, Virginia. Chestnut Land Holdings, LLC previously stipulated that this Court has jurisdiction over it. Joint Stipulation for Consent Judgment, *United States v. S. Coal Corp.*, No. 7:19-cv-00354-GEC (W.D. Va. Apr. 1, 2020), ECF No. 44.

11.     Dynamic Energy, Inc. is a West Virginia corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia. Its parent company is Bluestone Resources, Inc., which is a Delaware corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia. Dynamic Energy, Inc. previously stipulated that this Court has jurisdiction over it. Joint Stipulation for Consent Judgment, *United States v. S. Coal Corp.*, No. 7:19-cv-00354-GEC (W.D. Va. Apr. 1, 2020), ECF No. 44.

12.     Frontier Coal Company is a Delaware corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia. Its parent company is Bluestone Resources, Inc., which is a Delaware corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia. Frontier Coal Company previously stipulated that this Court has jurisdiction over it. Joint Stipulation for Consent Judgment, *United States v. S. Coal Corp.*, No. 7:19-cv-00354-GEC (W.D. Va. filed Apr. 1, 2020), ECF No. 44.

13.     Justice Energy Company, Inc. is a West Virginia corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia. Its parent company is Bluestone Resources, Inc., which is a Delaware corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia. Justice Energy Company, Inc. previously stipulated that this Court has jurisdiction over it. Joint

Stipulation for Consent Judgment, *United States v. S. Coal Corp.*, No. 7:19-cv-00354-GEC (W.D. Va. Apr. 1, 2020), ECF No. 44.

14.     Kentucky Fuel Corporation is a Delaware corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia.  Kentucky Fuel Corporation previously stipulated that this Court has jurisdiction over it.  Joint Stipulation for Consent Judgment, *United States v. S. Coal Corp.*, No. 7:19-cv-00354-GEC (W.D. Va. Apr. 1, 2020), ECF No. 44.

15.     National Coal, LLC is an inactive Tennessee corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia.

16.     Pay Car Mining, Inc. is a West Virginia corporation with, on information and belief, its principal place of business at 302 South Jefferson Street, Roanoke, Virginia.  Its parent company is Bluestone Resources, Inc., which is a Delaware corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia.  Pay Car Mining, Inc. previously stipulated that this Court has jurisdiction over it.  Joint Stipulation for Consent Judgment, *United States v. S. Coal Corp.*, No. 7:19-cv-00354-GEC (W.D. Va. Apr. 1, 2020), ECF No. 44.

17.     Premium Coal Company, Inc. is a Tennessee corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia.  Its parent company is Southern Coal Corporation, which is a Delaware corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia.  Premium Coal Company, Inc. previously stipulated that this Court has jurisdiction over it.  Joint Stipulation for Consent

Judgment, *United States v. S. Coal Corp.*, No. 7:19-cv-00354-GEC (W.D. Va. Apr. 1, 2020), ECF No. 44.

18.     S and H Mining, Inc. ("S+H Mining") is an inactive Tennessee corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia.  Its parent company is Southern Coal Corporation, which is a Delaware corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia.  S+H Mining previously stipulated that this Court has jurisdiction over it.  Joint Stipulation for Consent Judgment, *United States v. S. Coal Corp.*, No. 7:19-cv-00354-GEC (W.D. Va. Apr. 1, 2020), ECF No. 44.

19.     Tams Management, Inc. is a West Virginia corporation with its principal place of business at 302 South Jefferson Street, Roanoke, Virginia.  Tams Management, Inc. previously stipulated that this Court has jurisdiction over it.  Joint Stipulation for Consent Judgment, *United States v. S. Coal Corp.*, No. 7:19-cv-00354-GEC (W.D. Va. Apr. 1, 2020), ECF No. 44.

20.     James C. Justice, III ("Jay Justice") is an individual residing in or around Roanoke, Virginia.  Upon information and belief, Defendant Justice is an owner, controller, and/or agent of each of the Justice Companies.[1]  Defendant Justice previously alleged in this Court that he "is the 'Controller'" of twelve of the thirteen Defendant Justice Companies "for purposes of enforcement of surface mining reclamation and

---

[1] Collectively, the Defendants listed in Paragraphs 7–19 are referred to herein as the "Justice Companies."

enforcement laws and regulations." Compl. ¶ 1, *Justice v. OSMRE*, Case No. 7:19-cv-381-GEC (W.D. Va. May 17, 2019), ECF No. 1.

## STATUTORY BACKGROUND

21.     SMCRA "establish[es] a nationwide program to protect society and the environment from the adverse effects of surface coal mining operations." 30 U.S.C. § 1202(a). Through SMCRA, Congress created OSMRE and tasked that agency with administering the duties of the Secretary of the Interior under the Act. *Id*. § 1211.

22.     Title V of SMCRA, 30 U.S.C. §§ 1251–1279, contains its principal regulatory and enforcement provisions.

23.     Title IV of SMCRA, 30 U.S.C. §§ 1231–1245, created the Abandoned Mine Reclamation Fund, which, among other things, provides funding to eligible States and Tribes for the reclamation of coal mining sites abandoned or left in an inadequate reclamation status as of August 3, 1977. *Id*. §§ 1231, 1234. The Abandoned Mine Reclamation Fund is administered by the Secretary of the Interior, *id.* § 1231(a), and is funded primarily by AML reclamation fees assessed on each ton of coal produced in the United States and paid by operators. *Id.* § 1232(a). The primary purpose of the Abandoned Mine Reclamation Fund is to reclaim and restore "land and water resources adversely affected by past coal mining . . . ." *Id*. § 1231(c)(1).

24.     Surface coal mining operations within the United States may only be conducted subject to a permit issued under SMCRA or under an approved State program consistent with SMCRA. 30 U.S.C. § 1256.

25.     A State may assume primary responsibility ("primacy") for the regulation and administration of surface coal mining and reclamation operations on non-Federal and non-Indian lands within its borders under certain conditions.  30 U.S.C. § 1253.  If a State does not assume primacy, OSMRE regulates and administers surface coal mining and reclamation operations on lands within the State through a Federal program.  *Id*. § 1254(a).

26.     OSMRE administers a Federal program for Tennessee, which has not assumed primacy.  30 C.F.R. §§ 942.700–942.955.

27.     The Justice Companies conduct or conducted surface coal mining operations in Tennessee subject to SMCRA, as defined in 30 U.S.C. § 1291(28), and subject to permits issued under the Act and pursuant to the Federal program for Tennessee.

## Corporate Civil Penalties

28.     OSMRE assessed the civil penalties sought through this action because of violations of SMCRA, SMCRA's implementing regulations, and permit conditions at surface coal mining operations in Tennessee that are subject to the Federal program for Tennessee.  30 CF.R. §§ 942.843–942.845.  The Justice Companies are or were the permittees for each of the surface coal mining operations for which OSMRE assessed the civil penalties sought in this action.

29.     When a permittee violates SMCRA or the applicable permit in a manner that does not present an imminent danger to the health or safety of the public or cannot be reasonably expected to cause significant, imminent environmental harm, OSMRE must

issue a notice of violation ("NOV").  30 U.S.C. § 1271(a)(3).  The NOV contains, among other things, a description of the violation, the actions required to remedy that violation, and a deadline for the abatement of the violation.

30.    If a permittee fails to abate the violation within the time specified in the NOV, OSMRE issues a cessation order—specifically, a Failure to Abate Cessation Order ("FTACO")—requiring all active mining, or the relevant portion thereof, to halt at the permitted site until the violation is abated or the cessation order is modified, vacated, or terminated by the Secretary of the Interior or her authorized representative.  30 U.S.C. § 1271(a)(3).

31.    If a violation creates an imminent danger to the health or safety of the public or is causing, or can reasonably be expected to cause, significant, imminent environmental harm, OSMRE issues a second type of cessation order—an Imminent Harm Cessation Order ("IHCO")—in lieu of an NOV.  30 U.S.C. § 1271(a)(2).  An IHCO likewise requires all active mining, or the relevant portion thereof, to halt at the permitted site until the violation is abated or the cessation order is modified, vacated, or terminated by the Secretary of the Interior or her authorized representative.  *Id.*

32.    SMCRA provides opportunities for both informal and formal administrative review of NOVs and cessation orders.  30 U.S.C. § 1275(a)–(c); 30 C.F.R. §§ 843.15–843.16.

33.    Within 30 days of receiving notice of issuance of an NOV or cessation order, a permittee may request an informal public hearing to review the citation.  30

C.F.R. § 843.15(a)–(b). Within five days after the close of an informal public hearing, OSMRE must affirm, modify, or vacate the NOV or cessation order. *Id.* § 843.15(f).

34.     Within 30 days of receiving notice of the issuance or modification of an NOV or cessation order, a permittee may request a formal hearing conducted by an administrative law judge. 30 U.S.C. § 1275(a)(1); 30 C.F.R. § 843.16(a); 43 C.F.R. § 4.1162(a).

35.     If a permittee does not abate a FTACO within 30 days of issuance, OSMRE takes at least one of the following four actions: (1) assesses individual civil penalties; (2) suspends or revokes a permit; (3) refers the case to the Department of Justice to seek injunctive relief; or (4) refers the case to the Department of Justice to seek criminal penalties. 30 C.F.R. § 845.15(b)(2); 30 U.S.C. §§ 1268(e), 1268(f), 1271(a)(4), 1271(c). OSMRE takes at least one of these same four enforcement actions for IHCOs that remain unabated 30 days after the abatement date set in the IHCO. *See* OSMRE Directives INE-30, INE-40, and INE-41.[2]

36.     OSMRE uses a point system set forth in 30 C.F.R. § 845.13 to determine the amount of a penalty for NOVs and cessation orders (both FTACOs and IHCOs), and to determine whether a mandatory penalty must be assessed for an NOV. OSMRE must assess a civil penalty on each cessation order. *Id*. § 845.12.

---

[2] Available at: https://www.osmre.gov/sites/default/files/pdfs/directive600.pdf;
https://www.osmre.gov/sites/default/files/pdfs/directive559.pdf; and
https://www.osmre.gov/sites/default/files/pdfs/directive599.pdf.

37.     After determining the amount of the penalty, OSMRE informs a permittee of the proposed penalty amount via a Notice of Proposed Civil Penalty Assessment ("NOPA").  *See* 30 C.F.R. § 845.17(b).

38.     SMCRA provides for both informal and formal administrative review of civil penalties assessed pursuant to 30 U.S.C. § 1268(a).  30 U.S.C. § 1268(b)–(c).

39.     Within 30 days after receiving a NOPA, a permittee may request an informal conference to review the amount of the proposed penalty.  30 C.F.R. § 845.18(a)–(b).

40.     If an informal conference is requested, within 30 days after service of the conference officer's action or, if no informal conference is requested, within 30 days of service of the NOPA, a permittee may request a formal hearing conducted by an administrative law judge.  30 U.S.C. § 1268(c); 30 C.F.R. § 845.19(a); 43 C.F.R. §§ 4.1150–4.1151.  A permittee may seek further administrative review of the decision of an administrative law judge by the Interior Board of Land Appeals.  43 C.F.R. §§ 4.1158, 4.1270.

41.     Regardless of whether review is sought, within 30 days of service of the NOPA, the permittee must either pay the proposed assessment amount in full or, if the permittee elects to contest the violation or the penalty through a formal hearing, place the proposed amount in escrow with the Secretary.  30 U.S.C. § 1268(c); 30 C.F.R. § 845.19(a).

42.     In either instance, "[f]ailure to forward the money to the Secretary within thirty days" after service of the NOPA results in the permittee's "waiver of all legal rights

to contest the violation or the amount of the penalty." 30 U.S.C. § 1268(c); 30 C.F.R. § 845.19(a); 43 C.F.R. § 4.1152(c)–(d).

43.     A civil penalty becomes due and payable when it becomes a final order of the Secretary.  If a permittee fails to request a hearing, the penalty typically becomes due and payable 30 days after service of the NOPA.  *See* 30 C.F.R. § 845.20(a); 43 C.F.R. § 4.1151; *id.* § 4.22(e).  If the permittee requests a hearing under 30 C.F.R. § 845.19, the civil penalty becomes a final order following the conclusion of administrative review.

44.     Civil penalties are subject to interest, 31 U.S.C. § 3717(a), (c)(1), 31 C.F.R. § 901.9(b), a six percent annual penalty on debts delinquent more than 90 days, 31 U.S.C. § 3717(e)(2), 31 C.F.R. § 901.9(d), and administrative expenses, 31 U.S.C. § 3717(e)(1), 31 C.F.R. § 901.9(c).

### Individual Civil Penalties

45.     Any "director, officer or agent" of a corporate permittee who "willfully and knowingly authorized, ordered, or carried out" a violation of a permit condition or a failure or refusal to comply with certain orders of the Secretary may be subject to individual civil penalties ("ICP") under SMCRA.  30 U.S.C. § 1268(f); 30 C.F.R. § 846.12(a).

46.     When OSMRE issues a cessation order to a corporate permittee, it sends certain directors, officers, and agents of that corporation a Notice of Potential Liability for an Individual Civil Penalty Assessment.

47.     The Notice of Potential Liability informs the individual of the underlying violation and cessation order, explains the statutory basis for individual civil penalties,

explains that OSMRE considers the individual to possess legal authority to bring about abatement of the violation, and allows the individual to submit written documentation to describe with specificity all reasonable steps the individual took in their corporate capacity to bring about abatement. The Notice of Potential Liability further explains that OSMRE may conclude that the individual "willfully and knowingly authorized, ordered, or carried out a violation, failure, or refusal to comply" with the legal requirements of the cessation order if the individual does not make OSMRE aware that he or she personally attempted to resolve the violation.

48. If a cessation order issued to a corporate permittee has remained unabated for 30 or more days, OSMRE may issue a Notice of Proposed Assessment of Individual Civil Penalties ("ICP NOPA") to a director, officer, or agent of the permittee. 30 C.F.R. §§ 846.12(b), 846.17(a). OSMRE determines the amount of an ICP consistent with the criteria in 30 C.F.R. § 846.14.

49. Within 30 days from the date of service of the ICP NOPA, the individual must abate the violation, enter into an abatement agreement with OSMRE under which the individual and OSMRE agree to a schedule or plan to abate or correct the violation, or administratively appeal the ICP. *Id*. § 846.17(b).

50. If the individual fails to abate the violation, enter into an abatement agreement, or administratively appeal the ICP within 30 days from the date of service of the ICP NOPA, the proposed assessment becomes a final order. 30 C.F.R. §§ 846.17(b), 846.18(a). Failure to administratively appeal an ICP NOPA within 30 days "shall be deemed an admission of liability by the individual, whereupon the notice of proposed

13

assessment shall become a final order of the Secretary and any tardy petition shall be dismissed."  43 C.F.R. § 4.1302(b).

51.     Beginning the thirtieth day after the issuance of the final order assessing an ICP, any delinquent penalty is subject to interest, late payment penalties, and processing and handling charges.  30 C.F.R. § 846.18(d).

52.     If the individual enters but fails to comply with an abatement agreement, the ICP becomes due upon service of a final order from OSMRE stating that the penalty is due.  *See id*. § 846.18(c).

### AML Reclamation Fees

53.     SMCRA requires operators to submit a statement of the amount of coal produced during each calendar quarter[3] to OSMRE and pay an AML reclamation fee on each ton of coal produced through surface coal mining or underground mining methods. 30 U.S.C. § 1232(a), (c); 30 C.F.R. §§ 870.12(a), 870.15(a).

54.     Fees for coal produced from October 1, 2021, through September 30, 2034, are 22.4 cents per ton (or 10 percent of the value of the coal, whichever is less) for coal other than lignite produced by surface mining methods, 9.6 cents per ton (or 10 percent of the value of the coal, whichever is less) for coal other than lignite produced from underground mines, and 6.4 cents per ton (or 2 percent of the value of the coal, whichever is less) for lignite.  *See* 30 U.S.C. § 1232(a); 30 C.F.R. § 870.13(b).  Fees for

---

[3] Thus, as used herein, "Q1" refers to the first calendar quarter (January, February, and March); "Q2" to the second calendar quarter (April, May, and June); "Q3" to the third calendar quarter (July, August, and September); and "Q4" to the fourth calendar quarter (October, November, and December).

coal produced from October 1, 2012, through September 30, 2021, were 28 cents per ton (or 10 percent of the value of the coal, whichever was less) for coal other than lignite produced by surface mining methods, 12 cents per ton (or 10 percent of the value of the coal, whichever was less) for coal other than lignite produced from underground mines, and 8 cents per ton (or 2 percent of the value of the coal, whichever was less) for lignite. 30 C.F.R. § 870.13(a).

55.     Reclamation fees must be paid no later than 30 days after the end of each calendar quarter.  30 U.S.C. § 1232(b); 30 C.F.R. § 870.15(a).

56.     Reclamation fee payments postmarked later than 30 days after the end of the applicable calendar quarter are subject to interest.  30 C.F.R. § 870.21(a)–(b).  In addition to interest, reclamation fee debts overdue by more than 91 days are also subject to a 6 percent annual penalty.  *Id.* § 870.21(c).  Delinquent fees, interest, and penalties are subject to a processing and handling charge.  *Id.* § 870.21(d).

57.     Because the AML reclamation fee rate is set by statute and paid per ton of coal produced, there is no administrative process for assessing, or through which an operator may challenge, owed AML reclamation fees.

58.     The Secretary of the Interior conducts audits of coal production and fee payments "as may be necessary to ensure full compliance" with AML reclamation fee requirements.  30 U.S.C. § 1232(d)(2).  The audits are conducted in accordance with auditing standards generally accepted in the United States and the standards applicable to financial audits contained in Government Auditing Standards, issued by the Comptroller General of the United States.  Auditors plan and perform audits to obtain reasonable

15

assurance about whether the operator's statement, commonly known as the OSM-1 Form, is free from material misrepresentation.

**FACTUAL BACKGROUND**

59.     From 2018 to 2022, OSMRE cited Premium Coal, National Coal, and S+H Mining for over one hundred violations and issued the companies over fifty cessation orders.  The underlying violations, which are no longer subject to challenge, pose health and safety risks or threaten environmental harm.  They include, for example: (1) failure to maintain the face of a dam, its diversion ditches, and emergency spillway; (2) failure to ensure the seismic stability of a dam; (3) causing slope instability by improperly placing spoil against a downslope windrow and exposing timber in the backfill spoil; (4) allowing surface water flows to erode haul roads; (5) failure to maintain sediment control measures; (6) failure to maintain sediment ponds; (7) failure to remove excess sediment from basins; (8) unlawful discharges outside the permit area; (9) plugged culverts; (10) failure to clear rock and debris from a haul road after a rock fall; (11) failure to provide certified reports regarding impoundments; (12) failure to pass surface drainage through an approved siltation structure before leaving the permit area; (13) failure to stabilize surface areas to effectively control erosion; (14) failure to properly dispose of non-coal waste; (15) failure to post an adjusted bond amount on an underbonded site; (16) failure to maintain diversion ditches leading to uncontrolled drainage; (17) failure to ensure that discharges from permits are in compliance with applicable law and effluent limitations by maintaining an approved National Pollution Discharge Elimination System permit under the Clean Water Act; (18) failure to ensure revegetation is compatible with natural

surroundings and approved as part of the postmining land use; (19) diversion ditch breaches resulting in saturation of a backfill area; and (20) destabilization of haul roads due to failure to maintain.

*Civil Penalties: Premium Coal and James C. Justice, III*

*Notice of Violation N18-090-281-002, Cessation Order C18-090-281-002, and associated Individual Civil Penalty I18-090-000-006*

60.     On or around April 2, 2018, OSMRE served Notice of Violation N18-090-281-002 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N18-090-281-002.

61.     OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on May 1, 2018.

62.     Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on May 31, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $6,559, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

63.     This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $6,559 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-281-002.

64.     OSMRE served Cessation Order C18-090-281-002 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around June 7, 2018.  Defendant Premium

Coal failed to timely comply with or administratively contest Cessation Order C18-090-281-002.

65.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on July 10, 2018.

66.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on August 9, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

67.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-281-002.

68.    On or around June 4, 2018, OSMRE notified Defendant Justice that it issued Cessation Order C18-090-281-002 to Premium Coal and that he, as President/Director of Premium Coal, may be personally liable for individual civil penalties arising from Premium Coal's violation under 30 U.S.C. § 1268(f).

69.    Defendant Justice, a director, officer, or agent of Premium Coal, was cited for willfully and knowingly authorizing, ordering, or carrying out Premium Coal's failure or refusal to timely comply with Cessation Order C18-090-281-002.

70.     Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a), OSMRE served Defendant Justice with notice of proposed assessment of individual civil penalty I18-090-000-006 on October14, 2018.

71.     Defendant Justice failed to timely enter an abatement agreement or administratively contest the proposed assessment.  Therefore, on November 13, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Justice to pay the individual penalty amount of $23,210, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

72.     This debt has not been paid.  As of May 15, 2023, Defendant Justice owes $23,210 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with I18-090-000-006.

*Notice of Violation N18-090-560-003*

73.     On or around May 14, 2018, OSMRE served Notice of Violation N18-090-560-003 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to administratively contest the validity of NOV N18-090-560-003.

74.     OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on June 7, 2018.

75.     Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on July 9, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of

$6,559, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

76. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $6,559 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-560-003.

*Notice of Violation N18-090-560-005 and Cessation Order C18-090-560-003*

77. On or around May 19, 2018, OSMRE served Notice of Violation N18-090-560-005 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12. Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N18-090-560-005.

78. OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on June 8, 2018.

79. Defendant Premium Coal did not administratively contest the proposed assessment. Therefore, on July 10, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $3,936, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

80. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $3,936 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-560-005.

81. OSMRE served Cessation Order C18-090-560-003 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around July 23, 2018. Defendant Premium

Coal failed to timely comply with or administratively contest Cessation Order C18-090-560-003.

82.     OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on August 22, 2018.

83.     Defendant Premium Coal did not administratively contest the proposed assessment. Therefore, on September 21, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

84.     This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-560-003.

*Notice of Violation N18-090-534-008 and Cessation Order C18-090-534-003*

85.     On or around September 4, 2018, OSMRE served Notice of Violation N18-090-534-008 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12. Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N18-090-534-008.

86.     OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on September 12, 2018.

87.     Defendant Premium Coal did not administratively contest the proposed assessment. Therefore, on October 12, 2018, the notice of the proposed assessment

became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $6,559, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

88. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $6,559 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-534-008.

89. OSMRE served Cessation Order C18-090-534-003 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around September 17, 2018. Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C18-090-534-003.

90. OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on October 19, 2018.

91. Defendant Premium Coal did not administratively contest the proposed assessment. Therefore, on November 19, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

92. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-534-003.

93.     On or around November 4, 2018, OSMRE served Notice of Violation N18-090-546-004 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N18-090-546-004.

94.     OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on December 3, 2018.

95.     Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on January 28, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $9,840, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

96.     This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $9,840 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-546-004.

97.     OSMRE served Cessation Order C19-090-546-001 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around February 5, 2019.  Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C19-090-546-001.

98.     OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on March 15, 2019.

99.     Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on April 15, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

100.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C19-090-546-001.

101.    On or around February 5, 2019, OSMRE notified Defendant Justice that it issued Cessation Order C19-090-546-001 to Premium Coal and that he, as Director/President of Premium Coal, may be personally liable for individual civil penalties arising from Premium Coal's violation under 30 U.S.C. § 1268(f).

102.    Defendant Justice, a director, officer, or agent of Premium Coal, was cited for willfully and knowingly authorizing, ordering, or carrying out Premium Coal's failure or refusal to timely comply with Cessation Order C19-090-546-001.

103.    Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a), OSMRE served Defendant Justice with notice of proposed assessment of individual civil penalty I19-090-000-022 on June 10, 2019.

104.    Defendant Justice failed to enter an abatement agreement or administratively contest I19-090-000-022.  Therefore, on July 10, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Justice to pay

the individual penalty amount of $3,155, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

105.    This debt has not been paid.  As of May 15, 2023, Defendant Justice owes $3,155 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with I19-090-000-022.

*Notice of Violation N19-090-534-002, Cessation Order C19-090-534-001, and associated Individual Civil Penalties I19-090-000-024 and I19-090-000-028*

106.    On or around March 7, 2019, OSMRE served Notice of Violation N19-090-534-002 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N19-090-534-002.

107.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on March 18, 2019.

108.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on April 17, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $9,185, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

109.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $9,185 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N19-090-534-002.

110.    OSMRE served Cessation Order C19-090-534-001 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around March 22, 2019.  Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C19-090-534-001.

111.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on April 30, 2019.

112.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on May 30, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $75,660, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

113.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $75,660 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C19-090-534-001.

114.    On or around March 22, 2019, OSMRE notified Defendant Justice that it issued Cessation Order C19-090-534-001 to Premium Coal and that he, as President/Director of Premium Coal, may be personally liable for individual civil penalties arising from Premium Coal's violation under 30 U.S.C. § 1268(f).

115.    Defendant Justice, a director, officer, or agent of Premium Coal, was cited for willfully and knowingly authorizing, ordering, or carrying out Premium Coal's failure or refusal to timely comply with Cessation Order C19-090-534-001.

116.     Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a), OSMRE served Defendant Justice with notice of proposed assessment of individual civil penalty I19-090-000-024 on June 10, 2019.

117.     Defendant Justice failed to enter an abatement agreement or administratively contest the I19-090-000-024.  Therefore, on July 10, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Justice to pay the individual penalty amount of $4,970, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

118.     This debt has not been paid.  As of May 15, 2023, Defendant Justice owes $4,970 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with I19-090-000-024.

119.     On or around March 22, 2019, OSMRE notified Defendant Justice that it issued Cessation Order C19-090-534-001 to Premium Coal and that he, as President/Director of Premium Coal, may be personally liable for individual civil penalties arising from Premium Coal's violation under 30 U.S.C. § 1268(f).

120.     Defendant Justice, a director, officer, or agent of Premium Coal, was cited for willfully and knowingly authorizing, ordering, or carrying out Premium Coal's failure or refusal to timely comply with Cessation Order C19-090-534-001.

121.     Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a), OSMRE served Defendant Justice with notice of proposed assessment of individual civil penalty I19-090-000-028 on November 25, 2019.

122. Defendant Justice failed to enter an abatement agreement or administratively contest I19-090-000-028. Therefore, on December 26, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Justice to pay the individual penalty amount of $4,518, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

123. This debt has not been paid. As of May 15, 2023, Defendant Justice owes $4,518 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with I19-090-000-028.

*Notice of Violation N19-090-546-004, Cessation Order C19-090-546-004, and associated Individual Civil Penalty I19-090-000-029*

124. On or around July 8, 2019, OSMRE served Notice of Violation N19-090-546-004 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12. Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N19-090-546-004.

125. OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on July 15, 2019.

126. Defendant Premium Coal did not administratively contest the proposed assessment. Therefore, on August 14, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $11,771, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

127.     This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $11,771 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N19-090-546-004.

128.     OSMRE served Cessation Order C19-090-546-004 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around August 12, 2019.  Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C19-090-546-004.

129.     OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on September 24, 2019.

130.     Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on October 24, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $75,660, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

131.     This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $75,660 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C19-090-546-004.

132.     On or around August 12, 2019, OSMRE notified Defendant Justice that it issued Cessation Order C19-090-546-004 to Premium Coal and that he, as Director/President of Premium Coal, may be personally liable for individual civil penalties arising from Premium Coal's violation under 30 U.S.C. § 1268(f).

133.    Defendant Justice, a director, officer, or agent of Premium Coal, was cited for willfully and knowingly authorizing, ordering, or carrying out Premium Coal's failure or refusal to timely comply with Cessation Order C19-090-546-004.

134.    Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a), OSMRE served Defendant Justice with notice of proposed assessment of individual civil penalty I19-090-000-029 on December 16, 2019.

135.    Defendant Justice failed to enter an abatement agreement or timely administratively contest I19-090-000-029.  Therefore, on January 15, 2020, the notice of the proposed assessment became the agency's final order requiring Defendant Justice to pay the individual penalty amount of $16,478, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

136.    This debt has not been paid.  As of May 15, 2023, Defendant Justice owes $16,478 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with I19-090-000-029.

*Notice of Violation N20-090-546-003*

137.    On or around May 26, 2020, OSMRE served Notice of Violation N20-090-546-003 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to administratively contest the validity of NOV N20-090-546-003.

138.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on June 20, 2020.

139.     Defendant Premium Coal did not administratively contest the proposed

assessment.  Therefore, on July 20, 2020, the notice of the proposed assessment became

the agency's final order requiring Defendant Premium Coal to pay the penalty amount of

$5,819, as well as additional interest, late payment penalties, and administrative expenses

that accrue on the unpaid balance.

140.     This debt has not been paid.  As of May 15, 2023, Defendant Premium

Coal owes $5,819 in unpaid principal, in addition to unpaid pre-judgment interest, late

payment penalties, and administrative expenses associated with NOV N20-090-546-003.

*Notice of Violation N20-090-546-006 and Cessation Order C20-090-546-008*

141.     On or around November 4, 2020, OSMRE served Notice of Violation N20-

090-546-006 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30

C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or

administratively contest the validity of NOV N20-090-546-006.

142.     OSMRE served Defendant Premium Coal with a notice of proposed

assessment of corporate civil penalty on February 16, 2021.

143.     Following an informal conference pursuant to 30 C.F.R. § 845.18(a),

OSMRE served notice of a conference officer action that affirmed the proposed

assessment on May 10, 2021.

144.     Defendant Premium Coal did not further administratively contest the

proposed assessment.  Therefore, on June 9, 2021, the notice of the proposed assessment

became the agency's final order requiring Defendant Premium Coal to pay the penalty

amount of $28,405, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

145.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $28,405 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N20-090-546-006.

146.    OSMRE served Cessation Order C20-090-546-008 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around November 24, 2020.  Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C20-090-546-008.

147.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on January 25, 2021.

148.    Following an informal conference pursuant to 30 C.F.R. § 845.18(a), OSMRE served notice of a conference officer action that affirmed the proposed assessment on May 10, 2021.

149.    Defendant Premium Coal did not further administratively contest the proposed assessment.  Therefore, on June 9, 2021, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $76,980, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

150.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $76,980 in unpaid principal, in addition to unpaid pre-judgment interest, late

payment penalties, and administrative expenses associated with Cessation Order C20-090-546-008.

*Notice of Violation N21-090-461-003*

151.   On or around April 12, 2021, OSMRE served Notice of Violation N21-090-461-003 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N21-090-461-003.

152.   OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on May 25, 2021.

153.   Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on June 24, 2021, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $8,555, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

154.   This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $8,555 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N21-090-461-003.

*Notice of Violation N22-090-461-001and Cessation Order C22-090-461-003*

155.   On or around March 7, 2022, OSMRE served Notice of Violation N22-090-461-001 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N22-090-461-001.

156. OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on March 25, 2022.

157. Defendant Premium Coal did not administratively contest the proposed assessment. Therefore, on April 25, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $7,734, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

158. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $7,734 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N22-090-461-001.

159. OSMRE served Cessation Order C22-090-461-003 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around June 10, 2022. Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C22-090-461-003.

160. OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on October 22, 2022.

161. Defendant Premium Coal did not administratively contest the proposed assessment. Therefore, on November 21, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $82,740, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

162.  This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $82,740 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C22-090-461-003.

*Notice of Violation N22-090-546-001*

163.  On or around May 31, 2022, OSMRE served Notice of Violation N22-090-546-001 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N22-090-546-001.

164.  OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on July 7, 2022.

165.  Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on August 8, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $6,254, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

166.  This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $6,254 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N22-090-546-001.

*Notice of Violation N22-090-461-003*

167.  On or around June 10, 2022, OSMRE served Notice of Violation N22-090-461-003 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R.

§ 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N22-090-461-003.

168.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on July 18, 2022.

169.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on August 17, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $7,726, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

170.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $7,726 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N22-090-461-003.

*Notice of Violation N22-090-534-005*

171.    On or around July 25, 2022, OSMRE served Notice of Violation N22-090-534-005 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N22-090-534-005.

172.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on August 5, 2022.

173.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on September 6, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty

amount of $7,726, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

174. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $7,726 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N22-090-534-005.

*Notice of Violation N22-090-546-004 and Cessation Order C22-090-546-004*

175. On or around June 9, 2022, OSMRE served Notice of Violation N22-090-546-004 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12. Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N22-090-546-004.

176. OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on July 18, 2022.

177. Defendant Premium Coal did not administratively contest the proposed assessment. Therefore, on August 17, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $8,827, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

178. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $8,827 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N22-090-546-004.

179. OSMRE served Cessation Order C22-090-546-004 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around July 18, 2022. Defendant Premium

Coal failed to timely comply with or administratively contest Cessation Order C22-090-546-004.

180.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on August 25, 2022.

181.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on September 26, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $82,740, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

182.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $82,740 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C22-090-546-004.

*Cessation Order C20-090-461-001*

183.    OSMRE served Cessation Order C20-090-461-001 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(2) on or around February 13, 2020.  The certified mail receipt was returned refused on March 13, 2020.  Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C20-090-461-001.

184.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on March 6, 2020.

185.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on April 6, 2020, the notice of the proposed assessment became

the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $13,451, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

186. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $13,451 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C20-090-461-001.

*Cessation Order C20-090-546-002*

187. OSMRE served Cessation Order C20-090-546-002 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(2) on or around January 16, 2020. Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C20-090-546-002.

188. OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on March 6, 2020.

189. Defendant Premium Coal did not administratively contest the proposed assessment. Therefore, on April 6, 2020, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $16,815, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

190. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $16,815 in unpaid principal, in addition to unpaid pre-judgment interest, late

payment penalties, and administrative expenses associated with Cessation Order C20-090-546-002.

*Cessation Order C20-090-546-001*

191.    OSMRE served Cessation Order C20-090-546-001 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(2) on or around January 17, 2020.  Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C20-090-546-001.

192.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on March 9, 2020.

193.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on April 8, 2020, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $11,433, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

194.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $11,433 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C20-090-546-001.

*Cessation Order C20-090-546-007*

195.    OSMRE served Cessation Order C20-090-546-007 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(2) on or around November 5, 2020.  Defendant

Premium Coal failed to timely comply with or administratively contest Cessation Order C20-090-546-007.

196. OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on or around February 24, 2021.

197. Following an informal conference pursuant to 30 C.F.R. § 845.18(a), OSMRE served notice of a conference officer action that affirmed the proposed assessment on May 10, 2021.

198. Defendant Premium Coal did not further administratively contest the proposed assessment. Therefore, on or around June 9, 2021, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $8,898, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

199. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $8,898 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C20-090-546-007.

*Cessation Order C21-090-535-005*

200. OSMRE served Cessation Order C21-090-535-005 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around March 19, 2021. Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C21-090-535-005.

201.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on May 10, 2021.

202.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on June 9, 2021, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $76,980, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

203.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $76,980 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C21-090-535-005.

*Notice of Violation N18-090-281-001, Cessation Order C18-090-281-001, and associated Individual Civil Penalties I18-090-000-013 and I18-090-000-014*

204.    On or around April 9, 2018, OSMRE served three-part Notice of Violation N18-090-281-001 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N18-090-281-001.

205.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on May 1, 2018.

206.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on May 31, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of

$4,592, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

207. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $4,592 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-281-001.

208. OSMRE served two-part Cessation Order C18-090-281-001 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or before June 7, 2018. Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C18-090-281-001.

209. OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on July 10, 2018.

210. Defendant Premium Coal did not administratively contest the proposed assessment. Therefore, on August 9, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $147,600, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

211. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $147,600 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-281-001.

212. On or around June 4, 2018, OSMRE notified Defendant Justice that it issued Cessation Order C18-090-281-001, Violation 1 of 2, to Premium Coal and that he,

as President/Director of Premium Coal, may be personally liable for individual civil penalties arising from Premium Coal's violation under 30 U.S.C. § 1268(f).

213.    Defendant Justice, a director, officer, or agent of Premium Coal, was cited for willfully and knowingly authorizing, ordering, or carrying out Premium Coal's failure or refusal to timely comply with Cessation Order C18-090-281-001, Violation 1 of 2.

214.    Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a), OSMRE served Defendant Justice with notice of proposed assessment of individual civil penalty I18-090-000-013 on or before December 7, 2018.

215.    Defendant Justice failed to administratively contest the validity of I18-090-000-013.  On or around February 12, 2019, Defendant Justice entered into an agreement pursuant to 30 C.F.R. § 846.17(b) to mobilize equipment to the site by February 20, 2019, and abate the violation by March 22, 2019.  Defendant Justice did not comply with the abatement agreement by the compliance dates listed in the agreement.  Therefore, on March 15, 2019, OSMRE issued a final order requiring Defendant Justice to pay I18-090-000-013 in the amount of $195,530, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

216.    On or around June 4, 2018, OSMRE notified Defendant Justice that it issued Cessation Order C18-090-281-001, Violation 2 of 2, to Premium Coal and that he, as President/Director of Premium Coal, may be personally liable for individual civil penalties arising from Premium Coal's violation under 30 U.S.C. § 1268(f).

217.    Defendant Justice, a director, officer, or agent of Premium Coal, was cited for willfully and knowingly authorizing, ordering, or carrying out Premium Coal's failure or refusal to timely comply with Cessation Order C18-090-281-001, Violation 2 of 2.

218.    Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a), OSMRE served Defendant Justice with notice of proposed assessment of individual civil penalty I18-090-000-014 on December 7, 2018.

219.    Defendant Justice failed to administratively contest I18-090-000-014.  On or around February 12, 2019, Defendant Justice entered into an agreement pursuant to 30 C.F.R. § 846.17(b) to mobilize equipment to the site by February 20, 2019, and abate the violation by March 22, 2019.  Defendant Justice did not comply with the abatement agreement by the compliance dates listed in the agreement.  Therefore, on March 15, 2019, OSMRE issued a final order requiring Defendant Justice to pay I18-090-000-014 in the amount of $5,830, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

220.    This debt has not been paid.  As of May 15, 2023, Defendant Justice owes $201,360 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with I18-090-000-013 and I18-090-000-014.

*Notice of Violation N18-090-171-001, Cessation Order C18-090-171-001, and associated Individual Civil Penalties I18-090-000-007 and I18-090-000-008*

221.    On or around April 9, 2018, OSMRE served two-part Notice of Violation N18-090-171-001 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30

45

C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N18-090-171-001.

222.  OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on May 1, 2018.

223.  Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on May 31, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $17,056.00, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

224.  This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $17,056.00 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-171-001.

225.  OSMRE served two-part Cessation Order C18-090-171-001 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around April 16, 2018. Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C18-090-171-001.

226.  OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on May 21, 2018.

227.  Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on June 20, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of

$147,600.00, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

228.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $147,600.00 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-171-001.

229.    On or around April 16, 2018, OSMRE notified Defendant Justice that it issued Cessation Order C18-090-171-001, Violations 1 of 2 and 2 of 2 to Premium Coal and that he, as President of Premium Coal, may be personally liable for individual civil penalties arising from Premium Coal's violation under 30 U.S.C. § 1268(f).

230.    Defendant Justice, a director, officer, or agent of Premium Coal, was cited for willfully and knowingly authorizing, ordering, or carrying out Premium Coal's failure or refusal to timely comply with Cessation Order C18-090-171-001, Violation 1 of 2.

231.    Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a), OSMRE served Defendant Justice with notice of proposed assessment of individual civil penalty I18-090-000-007 and I18-090-000-008 on September 17, 2018.

232.    Defendant Justice failed to enter an abatement agreement or administratively contest the proposed assessment.  Therefore, on October 17, 2018, the notices of proposed assessment became the agency's final orders requiring Defendant Justice to pay the individual penalty amounts of $17,886 and $8,484, respectively, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

233. This debt has not been paid. As of May 15, 2023, Defendant Justice owes $26,370 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with I18-090-000-007 and I18-090-000-008.

*Cessation Order C18-090-171-002 and associated Individual Civil Penalty I18-090-000-009*

234. OSMRE served Cessation Order C18-090-171-002 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around May 7, 2018. Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C18-090-171-002.

235. OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on June 7, 2018.

236. Defendant Premium Coal did not administratively contest the proposed assessment. Therefore, on July 9, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

237. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-171-002.

238.     On or around May 7, 2018, OSMRE notified Defendant Justice that it issued Cessation Order C18-090-171-002 to Premium Coal and that he, as President of Premium Coal, may be personally liable for individual civil penalties arising from Premium Coal's violation under 30 U.S.C. § 1268(f).

239.     Defendant Justice, a director, officer, or agent of Premium Coal, was cited for willfully and knowingly authorizing, ordering, or carrying out Premium Coal's failure or refusal to timely comply with Cessation Order C18-090-171-002.

240.     Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a), OSMRE served Defendant Justice with notice of proposed assessment of individual civil penalty I18-090-000-009 on October 29, 2018.

241.     Defendant Justice failed to administratively contest the proposed assessment.  On or around November 29, 2018, Defendant Justice entered into an agreement pursuant to 30 C.F.R. § 846.17(b) to abate the violation by January 8, 2019. Defendant Justice did not comply with the abatement agreement by the compliance dates listed in the agreement.  Therefore, on May 15, 2019, OSMRE issued a final order requiring Defendant Justice to pay I18-090-000-009 in the amount of $7,788, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

242.     This debt has not been paid.  As of May 15, 2023, Defendant Justice owes $7,788 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with I18-090-000-009.

*Cessation Order C19-090-546-003 and Daily Civil Penalty C19-009-999-002*

243.    OSMRE served Cessation Order C19-090-546-003 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(2) on or around February 19, 2019.  Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C19-090-546-003.

244.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on March 18, 2019.

245.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on April 17, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $6,232, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

246.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $6,232 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C19-090-546-003.

247.    OSMRE served Premium Coal with daily civil penalty C19-009-999-002 on June 12, 2019, pursuant to 30 C.F.R. § 845.15 after a May 30, 2019, reinspection revealed that the requirements of C19-090-546-003 had not been met.

248.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $75,660 in unpaid principal, in addition to unpaid pre-judgment interest, late

payment penalties, and administrative expenses associated with daily civil penalty C19-009-999-002.

*Cessation Order C19-090-546-002 and Daily Civil Penalty C19-009-999-001*

249.    OSMRE served Cessation Order C19-090-546-002 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(2) on or around February 19, 2019.  Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C19-090-546-002.

250.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on March 29, 2019.

251.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on April 29, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $14,760, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

252.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $14,760 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C19-090-546-002.

253.    OSMRE served Premium Coal with daily civil penalty C19-009-999-001 on June 12, 2019, pursuant to 30 C.F.R. § 845.15 after a May 30, 2019, reinspection revealed that the requirements of C19-090-546-002 had not been met.

254.     This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $75,660 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with daily civil penalty C19-009-999-001.

*Cessation Order C19-090-534-002*

255.     OSMRE served Cessation Order C19-090-534-002 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around March 29, 2019.  Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C19-090-534-002.

256.     OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on May 6, 2019.

257.     Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on June 5, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $75,660, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

258.     This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $75,660 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C19-090-534-002.

*Notice of Violation N18-090-546-002*

259.    On or around April 9, 2018, OSMRE served Notice of Violation N18-090-546-002 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to administratively contest the validity of NOV N18-090-546-002.

260.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on May 1, 2018.

261.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on May 31, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $11,808, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

262.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $11,808 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-546-002.

*Notice of Violation N18-090-534-004*

263.    On or around May 14, 2018, OSMRE served Notice of Violation N18-090-534-004 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to administratively contest the validity of NOV N18-090-534-004.

264.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on June 7, 2018.

265.     Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on July 9, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $4,920, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

266.     This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $4,920 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-534-004.

*Notice of Violation N18-090-546-003, Cessation Order C18-090-546-001, and associated Individual Civil Penalty I18-090-000-018*

267.     On or around May 29, 2018, OSMRE served Notice of Violation N18-090-546-003 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N18-090-546-003.

268.     OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on June 25, 2018.

269.     Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on July 25, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $6,559, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

270.     This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $6,559 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-546-003.

271.     OSMRE served Cessation Order C18-090-546-001 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around July 16, 2018.  Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C18-090-546-001.

272.     OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on August 13, 2018.

273.     Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on September 12, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

274.     This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-546-001.

275.     On or around July 13, 2018, OSMRE notified Defendant Justice that it issued Cessation Order C18-090-546-001 to Premium Coal and that he, as Director/President of Premium Coal, may be personally liable for individual civil penalties arising from Premium Coal's violation under 30 U.S.C. § 1268(f).

276.     Defendant Justice, a director, officer, or agent of Premium Coal, was cited for willfully and knowingly authorizing, ordering, or carrying out Premium Coal's failure or refusal to timely comply with Cessation Order C18-090-546-001.

277.     Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a), OSMRE served Defendant Justice with notice of proposed assessment of individual civil penalty I18-090-000-018 on December 21, 2018.

278.     Defendant Justice failed to administratively contest I18-090-000-018.  On or around February 12, 2019, Defendant Justice entered into an agreement pursuant to 30 C.F.R. § 846.17(b) to abate the violation by March 15, 2019.  Defendant Justice did not comply with the abatement agreement by the compliance dates listed in the agreement.  Therefore, on March 31, 2019, OSMRE issued a final order requiring Defendant Justice to pay I18-090-000-018 in the amount of $1,037,685, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

279.     This debt has not been paid.  As of May 15, 2023, Defendant Justice owes $1,037,685 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with I18-090-000-018.

*Notice of Violation N18-090-534-005, Cessation Order C18-090-534-001, and associated Individual Civil Penalty I19-090-000-023*

280.     On or around June 4, 2018, OSMRE served Notice of Violation N18-090-534-005 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R.

§ 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N18-090-534-005.

281.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on July 2, 2018.

282.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on August 1, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $3,936, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

283.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $3,936 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-534-005.

284.    OSMRE served Cessation Order C18-090-534-001 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around July 10, 2018.  Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C18-090-534-001.

285.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on August 6, 2018.

286.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on September 5, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty

amount of $73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

287.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-534-001.

288.    On or around July 10, 2018, OSMRE notified Defendant Justice that it issued Cessation Order C18-090-534-001 to Premium Coal and that he, as Managing Member of Premium Coal, may be personally liable for individual civil penalties arising from Premium Coal's violation under 30 U.S.C. § 1268(f).

289.    Defendant Justice, a director, officer, or agent of Premium Coal, was cited for willfully and knowingly authorizing, ordering, or carrying out Premium Coal's failure or refusal to timely comply with Cessation Order C18-090-534-001.

290.    Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a), OSMRE served Defendant Justice with notice of proposed assessment of individual civil penalty I19-090-000-023 on June 10, 2019.

291.    Defendant Justice failed to enter an abatement agreement or administratively contest I19-090-000-023.  Therefore, on July 10, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Justice to pay the individual penalty amount of $13,283, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

292.    This debt has not been paid.  As of May 15, 2023, Defendant Justice owes $13,283 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with I19-090-000-023.

*Notice of Violation N18-090-560-008 and Cessation Order C19-090-560-001*

293.    On or around November 16, 2018, OSMRE served Notice of Violation N18-090-560-008 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N18-090-560-008.

294.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on December 18, 2018.

295.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on January 28, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $7,872, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

296.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $7,872 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-560-008.

297.    OSMRE served Cessation Order C19-090-560-001 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around February 5, 2019.  Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C19-090-560-001.

298.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on March 11, 2019.

299.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on April 10, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

300.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C19-090-560-001.

*Notice of Violation N19-090-546-001*

301.    On or around February 5, 2019, OSMRE served Notice of Violation N19-090-546-001 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12. Defendant Premium Coal failed to administratively contest the validity of NOV N19-090-546-001.

302.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on February 11, 2019.

303.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on March 13, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty

amount of $13,448, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

304. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $13,448 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N19-090-546-001.

*Notice of Violation N20-090-546-002*

305. On or around January 16, 2020, OSMRE served three-part Notice of Violation N20-090-546-002 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12. Defendant Premium Coal failed to administratively contest the validity of NOV N20-090-546-002.

306. OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on February 4, 2020.

307. Defendant Premium Coal did not administratively contest the proposed assessment. Therefore, on March 5, 2020, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $43,382, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

308. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $43,382 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N20-090-546-002.

*Notice of Violation N20-090-534-007*

309.    On or around February 3, 2020, OSMRE served Notice of Violation N20-090-534-007 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N20-090-534-007.

310.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on February 10, 2020.

311.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on March 11, 2020, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $12,106, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

312.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $12,106 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N20-090-534-007.

*Notice of Violation N20-090-535-009*

313.    On or around June 5, 2020, OSMRE served Notice of Violation N20-090-535-009 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N20-090-535-009.

314.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on or before June 30, 2020.

315.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on or before July 30, 2020, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $5,819, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

316.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $5,819 unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N20-090-535-009.

*Notice of Violation N20-090-461-009*

317.    On or around May 26, 2020, OSMRE served Notice of Violation N20-090-461-009 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N20-090-461-009.

318.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on June 22, 2020.

319.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on July 22, 2020, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $5,380, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

320. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $5,380 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N20-090-461-009.

*Notice of Violation N20-090-535-015 and Cessation Order C20-090-535-012*

321. On or around August 31, 2020, OSMRE served Notice of Violation N20-090-535-015 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12. Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N20-090-535-015.

322. OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on September 22, 2020.

323. Following an informal conference pursuant to 30 C.F.R. § 845.18(a), OSMRE served notice of a conference officer action on January 19, 2021.

324. Defendant Premium Coal did not further administratively contest the proposed assessment. Therefore, on February 18, 2021, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $5,819, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

325. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $5,819 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N20-090-535-015.

326. OSMRE served Cessation Order C20-090-535-012 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around October 15, 2020. Defendant

Premium Coal failed to timely comply with or administratively contest Cessation Order C20-090-535-012.

327.     OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on December 14, 2020.

328.     Following an informal conference pursuant to 30 C.F.R. § 845.18(a), OSMRE served notice of a conference officer action that affirmed the proposed assessment on or before February 3, 2021.

329.     Defendant Premium Coal did not further administratively contest the proposed assessment.  Therefore, on or before March 5, 2021, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $76,980, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

330.     This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $76,980 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C20-090-535-012.

*Notice of Violation N22-090-546-002*

331.     On or around May 31, 2022, OSMRE served Notice of Violation N22-090-546-002 to Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N22-090-546-002.

332.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on July 18, 2022.

333.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on August 17, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $15,080, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

334.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $15,080 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N22-090-546-002.

*Notice of Violation N19-090-534-001*

335.    On or around February 25, 2019, OSMRE served Notice of Violation N19-090-534-001 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to administratively contest the validity of NOV N19-090-534-001.

336.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on March 29, 2019.

337.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on April 29, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $5,904, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

338.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $5,904 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N19-090-534-001.

*Notice of Violation N19-090-461-007 and Cessation Order C19-090-461-004*

339.    On or around September 9, 2019, OSMRE served Notice of Violation N19-090-461-007 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N19-090-461-007.

340.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on September 30, 2019.

341.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on October 30, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $1,681, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

342.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $1,681 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N19-090-461-007.

343.    OSMRE served Cessation Order C19-090-461-004 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around September 30, 2019.  Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C19-090-461-004.

344.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on November 6, 2019.

345.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on December 6, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $75,660, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

346.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $75,660 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C19-090-461-004.

*Notice of Violation N20-090-535-011*

347.    On or around June 5, 2020, OSMRE served Notice of Violation N20-090-535-011 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N20-090-535-011.

348.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on or before December 16, 2020.

349.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on or before January 15, 2021, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay

the penalty amount of $5,819, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

350.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $5,819 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N20-090-535-011.

*Notice of Violation N20-090-461-004*

351.    On or around March 17, 2020, OSMRE served Notice of Violation N20-090-461-004 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N20-090-461-004.

352.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on April 14, 2020.

353.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on May 14, 2020, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $12,106, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

354.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $12,106 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N20-090-461-004.

355.    On or around October 23, 2020, OSMRE served Notice of Violation N20-090-535-016 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N20-090-535-016.

356.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on November 9, 2020.

357.    Following an informal conference pursuant to 30 C.F.R. § 845.18(a), OSMRE served notice of a conference officer action that affirmed the proposed assessment on January 19, 2021.

358.    Defendant Premium Coal did not further administratively contest the proposed assessment.  Therefore, on February 18, 2021, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $5,475, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

359.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $5,475 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N20-090-535-016.

*Notice of Violation N22-090-534-008*

360.    On or around October 11, 2022, OSMRE served two-part Notice of Violation N22-090-534-008 to Defendant Premium Coal pursuant to 30 U.S.C. §

1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N22-090-534-008.

361.     OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty for Violation 1 of 2 on November 7, 2022.

362.     Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on December 7, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $4,414, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

363.     This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $4,414 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N22-090-534-008.

*Notice of Violation N22-090-461-005 and Cessation Order C22-090-461-005*

364.     On or around August 15, 2022, OSMRE served Notice of Violation N22-090-461-005 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant Premium Coal failed to timely comply with or administratively contest the validity of NOV N22-090-461-005.

365.     OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on October 4, 2022.

366.     Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on November 3, 2022, the notice of the proposed assessment

became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $11,400, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

367. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $11,400 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N22-090-461-005.

368. OSMRE served Cessation Order C22-090-461-005 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around September 23, 2022. Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C22-090-461-005.

369. OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on or before November 17, 2022.

370. Defendant Premium Coal did not administratively contest the proposed assessment. Therefore, on or before December 19, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $82,740, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

371. This debt has not been paid. As of May 15, 2023, Defendant Premium Coal owes $82,740 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C22-090-461-005.

372.    OSMRE served Cessation Order C22-090-461-006 on Defendant Premium Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around September 23, 2022.  Defendant Premium Coal failed to timely comply with or administratively contest Cessation Order C22-090-461-006.

373.    OSMRE served Defendant Premium Coal with a notice of proposed assessment of corporate civil penalty on November 7, 2022.

374.    Defendant Premium Coal did not administratively contest the proposed assessment.  Therefore, on December 7, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant Premium Coal to pay the penalty amount of $82,740, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

375.    This debt has not been paid.  As of May 15, 2023, Defendant Premium Coal owes $82,740 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C22-090-461-006.

*Civil Penalties: National Coal and James C. Justice, III*

*Notice of Violation N18-090-535-001 and Cessation Orders C18-090-535-001 and C18-090-535-002*

376.    On or around April 5, 2018, OSMRE served three-part Notice of Violation N18-090-535-001 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30

73

C.F.R. § 843.12. Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N18-090-535-001.

377. OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on May 1, 2018.

378. Defendant National Coal did not administratively contest the proposed assessment. Therefore, on May 31, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $10,497, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

379. This debt has not been paid. As of May 15, 2023, Defendant National Coal owes $10,497 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-535-001.

380. OSMRE served Cessation Order C18-090-535-001 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around April 24, 2018. Defendant National Coal failed to timely comply with or administratively contest Cessation Order C18-090-535-001.

381. OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on May 29, 2018.

382. Defendant National Coal did not administratively contest the proposed assessment. Therefore, on June 28, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of

$73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

383.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-535-001.

384.    OSMRE served Cessation Order C18-090-535-002 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around July 10, 2018.  Defendant National Coal failed to timely comply with or administratively contest Cessation Order C18-090-535-002.

385.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on August 6, 2018.

386.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on September 5, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $147,600, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

387.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $147,600 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-535-002.

388.    On or around July 2, 2018, OSMRE served Notice of Violation N18-090-560-006 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N18-090-560-006.

389.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on July 27, 2018.

390.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on August 27, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $9,840, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

391.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $9,840 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-560-006.

392.    OSMRE served Cessation Order C18-090-560-004 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around July 30, 2018.  Defendant National Coal failed to timely comply with or administratively contest Cessation Order C18-090-560-004.

393.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on August 30, 2018.

394.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on October 1, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

395.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-560-004.

*Notice of Violation N19-090-461-001 and Cessation Order C19-090-461-002*

396.    On or around February 25, 2019, OSMRE served Notice of Violation N19-090-461-001 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N19-090-461-001.

397.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on March 4, 2019.

398.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on April 3, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $7,216, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

399. This debt has not been paid. As of May 15, 2023, Defendant National Coal owes $7,216 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N19-090-461-001.

400. OSMRE served Cessation Order C19-090-461-002 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around April 4, 2019. Defendant National Coal failed to timely comply with or administratively contest Cessation Order C19-090-461-002.

401. OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on May 13, 2019.

402. Defendant National Coal did not administratively contest the proposed assessment. Therefore, on June 12, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $75,660, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

403. This debt has not been paid. As of May 15, 2023, Defendant National Coal owes $75,660 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C19-090-461-002.

*Notice of Violation N19-090-535-001 and Cessation Order C19-090-535-002*

404. On or around March 15, 2019, OSMRE served Notice of Violation N19-090-535-001 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30

C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N19-090-535-001.

405.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on April 15, 2019.

406.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on May 15, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $15,089, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

407.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $15,089 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N19-090-535-001.

408.    OSMRE served Cessation Order C19-090-535-002 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around April 15, 2019.  Defendant National Coal failed to timely comply with or administratively contest Cessation Order C19-090-535-002.

409.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on May 28, 2019.

410.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on June 27, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of

$75,660, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

411.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $75,660 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C19-090-535-002.

*Notice of Violation N19-090-461-003*

412.    On or around May 23, 2019, OSMRE served Notice of Violation N19-090-461-003 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N19-090-461-003.

413.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on June 14, 2019.

414.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on July 15, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $6,389, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

415.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $6,389 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N19-090-461-003.

416.    On or around September 9, 2019, OSMRE served Notice of Violation N19-090-461-006 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N19-090-461-006.

417.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on September 30, 2019.

418.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on October 30, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $6,724, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

419.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $6,724 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N19-090-461-006.

420.    OSMRE served Cessation Order C19-090-461-003 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around September 24, 2019.  Defendant National Coal failed to timely comply with or administratively contest Cessation Order C19-090-461-003.

421.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on November 12, 2019.

422. Defendant National Coal did not administratively contest the proposed assessment. Therefore, on December 12, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $75,660, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

423. This debt has not been paid. As of May 15, 2023, Defendant National Coal owes $75,660 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C19-090-461-003.

*Notice of Violation N19-090-560-001 and Cessation Order C20-090-560-001*

424. On or around December 26, 2019, OSMRE served Notice of Violation N19-090-560-001 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12. Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N19-090-560-001.

425. OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on January 21, 2020.

426. Defendant National Coal did not administratively contest the proposed assessment. Therefore, on February 20, 2020, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $8,071, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

427.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $8,071 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N19-090-560-001.

428.    OSMRE served Cessation Order C20-090-560-001 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around February 3, 2020.  Defendant National Coal failed to timely comply with or administratively contest Cessation Order C20-090-560-001.

429.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on March 9, 2020.

430.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on April 8, 2020, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $75,660, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

431.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $75,660 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C20-090-560-001.

*Notice of Violation N20-090-535-002*

432.    On or around January 28, 2020, OSMRE served Notice of Violation N20-090-535-002 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30

C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N20-090-535-002.

433.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on February 10, 2020.

434.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on March 11, 2020, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $5,380, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

435.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $5,380 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N20-090-535-002.

*Notice of Violation N20-090-461-016*

436.    On or around August 17, 2020, OSMRE served Notice of Violation N20-090-461-016 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N20-090-461-016.

437.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on September 17, 2020.

438.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on October 19, 2020, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty

amount of $4,449, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

439.  This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $4,449 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N20-090-461-016.

*Notice of Violation N20-090-461-015 and Cessation Orders C20-090-461-020 and C20-090-461-018*

440.  On or around August 17, 2020, OSMRE served Notice of Violation N20-090-461-015 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N20-090-461-015.

441.  OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on September 22, 2020.

442.  Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on October 22, 2020, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $6,502, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

443.  This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $6,502 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N20-090-461-015.

444. OSMRE served Cessation Order C20-090-461-020 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around September 21, 2020. Defendant National Coal failed to timely comply with or administratively contest Cessation Order C20-090-461-020.

445. OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on December 4, 2020.

446. Following an informal conference pursuant to 30 C.F.R. § 845.18(a), OSMRE served notice of a conference officer action that affirmed the proposed assessment on February 1, 2021.

447. Defendant National Coal did not further administratively contest the proposed assessment. Therefore, on March 3, 2021, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $76,980, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

448. This debt has not been paid. As of May 15, 2023, Defendant National Coal owes $76,980 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C20-090-461-020.

449. OSMRE served Cessation Order C20-090-461-018 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around September 1, 2020. Defendant National Coal failed to timely comply with or administratively contest Cessation Order C20-090-461-018.

450.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on October 26, 2020.

451.    Following an informal conference pursuant to 30 C.F.R. § 845.18(a), OSMRE served notice of a conference officer action that affirmed the proposed assessment on February 1, 2020.

452.    Defendant National Coal did not further administratively contest the proposed assessment.  Therefore, on March 3, 2021, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $23,094, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

453.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $23,094 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C20-090-461-018.

*Cessation Order C20-090-461-005*

454.    OSMRE served Cessation Order C20-090-461-005 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(2) on or around June 5, 2020.  Defendant National Coal failed to timely comply with or administratively contest Cessation Order C20-090-461-005.

455.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on or before July 7, 2020.

456.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on or before August 6, 2020, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $6,502, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

457.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $6,502 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C20-090-461-005.

*Cessation Order C20-090-461-013*

458.    OSMRE served Cessation Order C20-090-461-013 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around July 27, 2020.  Defendant National Coal failed to timely comply with or administratively contest Cessation Order C20-090-461-013.

459.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on September 17, 2020.

460.    Following an informal conference pursuant to 30 C.F.R. § 845.18(a), OSMRE served notice of a conference officer action that affirmed the proposed assessment on January 19, 2021.

461.    Defendant National Coal did not further administratively contest the proposed assessment.  Therefore, on February 18, 2021, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the

penalty amount of $10,264, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

462.     This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $10,264 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C20-090-461-013.

*Cessation Order C18-090-461-002*

463.     OSMRE served Cessation Order C18-090-461-002 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around July 2, 2018.  Defendant National Coal failed to timely comply with or administratively contest Cessation Order C18-090-461-002.

464.     OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on August 2, 2018.

465.     Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on September 4, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

466.     This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-461-002.

*Cessation Order C18-090-560-002*

467.    OSMRE served Cessation Order C18-090-560-002 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around April 9, 2018.  Defendant National Coal failed to timely comply with or administratively contest Cessation Order C18-090-560-002.

468.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on May 10, 2018.

469.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on June 11, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

470.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-560-002.

*Notice of Violation N18-090-281-003 and Cessation Order C18-090-281-003*

471.    On or around April 16, 2018, OSMRE served Notice of Violation N18-090-281-003 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N18-090-281-003.

472.	OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on May 1, 2018.

473.	Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on May 31, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $6,559, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

474.	This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $6,559 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-281-003.

475.	OSMRE served Cessation Order C18-090-281-003 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around June 11, 2018.  Defendant National Coal failed to timely comply with or administratively contest Cessation Order C18-090-281-003.

476.	OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on July 16, 2018.

477.	Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on August 15, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

478.     This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-281-003.

*Notice of Violation N18-090-560-004*

479.     On or around May 14, 2018, OSMRE served Notice of Violation N18-090-560-004 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to administratively contest the validity of NOV N18-090-560-004.

480.     OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on June 7, 2018.

481.     Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on July 9, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $6,559, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

482.     This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $6,559 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-560-004.

483.     On or around July 9, 2018, OSMRE served three-part Notice of Violation N18-090-171-004 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N18-090-171-004.

484.     OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on July 20, 2018.

485.     Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on August 20, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $26,600, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

486.     This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $26,600 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-171-004.

487.     OSMRE served three-part Cessation Order C18-090-171-004 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around July 27, 2018.  Defendant National Coal failed to timely comply with or administratively contest Cessation Order C18-090-171-004.

488.     OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on August 24, 2018.

489.     Defendant National Coal did not administratively contest the proposed
assessment.  Therefore, on September 24, 2018, the notice of the proposed assessment
became the agency's final order requiring Defendant National Coal to pay the penalty
amount of $221,400, as well as additional interest, late payment penalties, and
administrative expenses that accrue on the unpaid balance.

490.     This debt has not been paid.  As of May 15, 2023, Defendant National Coal
owes $221,400 in unpaid principal, in addition to unpaid pre-judgment interest, late
payment penalties, and administrative expenses associated with Cessation Order C18-
090-171-004.

491.     On or around July 27, 2018, OSMRE notified Defendant Justice that it
issued Cessation Order C18-090-171-004, Violation 1 of 3, to National Coal and that he,
as Managing Member of National Coal, may be personally liable for individual civil
penalties arising from National Coal's violation under 30 U.S.C. § 1268(f).

492.     Defendant Justice, a director, officer, or agent of National Coal, was cited
for willfully and knowingly authorizing, ordering, or carrying out National Coal's failure
or refusal to timely comply with Cessation Order C18-090-171-004, Violation 1 of 3.

493.     Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a),
OSMRE served Defendant Justice with notice of proposed assessment of individual civil
penalty I18-090-000-010 on October 29, 2018.

494.     Defendant Justice failed to administratively contest the proposed
assessment.  On or around November 29, 2018, Defendant Justice entered into an
agreement pursuant to 30 C.F.R. § 846.17(b) to move equipment to the permit area by

December 9, 2018, and abate the violation by December 21, 2018.  As of December 17, 2018, Defendant Justice had not moved equipment to the site.  Therefore, on December 31, 2018, OSMRE issued a final order requiring Defendant Justice to pay I18-090-000-010 in the amount of $35,871, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

495.    On or around July 27, 2018, OSMRE notified Defendant Justice that it issued Cessation Order C18-090-171-004, Violation 2 of 3, to National Coal and that he, as Managing Member of National Coal, may be personally liable for individual civil penalties arising from National Coal's violation under 30 U.S.C. § 1268(f).

496.    Defendant Justice, a director, officer, or agent of National Coal, was cited for willfully and knowingly authorizing, ordering, or carrying out National Coal's failure or refusal to timely comply with Cessation Order C18-090-171-004, Violation 2 of 3.

497.    Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a), OSMRE served Defendant Justice with notice of proposed assessment of individual civil penalty I18-090-000-011 on October 29, 2018.

498.    Defendant Justice failed to administratively contest I18-090-000-011.  On or around November 29, 2018, Defendant Justice entered into an agreement pursuant to 30 C.F.R. § 846.17(b) to move equipment to the permit area by December 9, 2018, and abate the violation by December 21, 2018.  As of December 17, 2018, Defendant Justice had not moved equipment to the site.  Therefore, on December 31, 2018, OSMRE issued a final order requiring Defendant Justice to pay I18-090-000-011, in the amount of

$8,989, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

499.    On or around July 27, 2018, OSMRE notified Defendant Justice that it issued Cessation Order C18-090-171-004, Violation 3 of 3, to National Coal and that he, as Managing Member of National Coal, may be personally liable for individual civil penalties arising from National Coal's violation under 30 U.S.C. § 1268(f).

500.    Defendant Justice, a director, officer, or agent of National Coal, was cited for willfully and knowingly authorizing, ordering, or carrying out National Coal's failure or refusal to timely comply with Cessation Order C18-090-171-004, Violation 3 of 3.

501.    Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a), OSMRE served Defendant Justice with notice of proposed assessment of individual civil penalty I18-090-000-012 on October 29, 2018.

502.    Defendant Justice failed to administratively contest I18-090-000-012.  On or around November 29, 2018, Defendant Justice entered into an agreement pursuant to 30 C.F.R. § 846.17(b) to move equipment to the permit area by December 9, 2018, and abate the violation by December 21, 2018.  As of December 17, 2018, Defendant Justice had not moved equipment to the site.  Therefore, on December 31, 2018, OSMRE issued a final order requiring Defendant Justice to pay I18-090-000-012, in the amount of $6,606, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

503.    This debt has not been paid.  As of May 15, 2023, Defendant Justice owes $51,466 in unpaid principal, in addition to unpaid pre-judgment interest, late payment

penalties, and administrative expenses associated with I18-090-000-010, I18-090-000-011, and I18-090-000-012.

*Notice of Violation N18-090-461-005 and Cessation Order C18-090-461-003*

504.    On or around June 29, 2018, OSMRE served two-part Notice of Violation N18-090-461-005 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N18-090-461-005.

505.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on July 20, 2018.

506.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on August 20, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $3,936, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

507.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $3,936 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-461-005.

508.    OSMRE served two-part Cessation Order C18-090-461-003 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around July 30, 2018.  Defendant National Coal failed to timely comply with or administratively contest Cessation Order C18-090-461-003.

509.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on September 4, 2018.

510.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on October 4, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $147,600, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

511.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $147,600 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-461-003.

*Notice of Violation N18-090-171-003, Cessation Order C18-090-171-003, and associated Individual Civil Penalty I18-090-000-017*

512.    On or around July 2, 2018, OSMRE served Notice of Violation N18-090-171-003 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N18-090-171-003.

513.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on July 27, 2018.

514.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on August 27, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty

amount of $9,512, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

515.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $9,512 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-171-003.

516.    OSMRE served Cessation Order C18-090-171-003 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around July 18, 2018.  Defendant National Coal failed to timely comply with or administratively contest Cessation Order C18-090-171-003.

517.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on August 17, 2018.

518.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on September 17, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

519.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-171-003.

520.    On or around July 20, 2018, OSMRE notified Defendant Justice that it issued Cessation Order C18-090-171-003 to National Coal and that he, as Managing

Member of National Coal, may be personally liable for individual civil penalties arising from National Coal's violation under 30 U.S.C. § 1268(f).

521.     Defendant Justice, a director, officer, or agent of National Coal, was cited for willfully and knowingly authorizing, ordering, or carrying out National Coal's failure or refusal to timely comply with Cessation Order C18-090-171-003.

522.     Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a), OSMRE served Defendant Justice with notice of proposed assessment of individual civil penalty I18-090-000-017 on December 26, 2018.

523.      Defendant Justice failed to administratively contest I18-090-000-017.  On or around February 12, 2019, Defendant Justice entered into an agreement pursuant to 30 C.F.R. § 846.17(b) to abate the violation by March 1, 2019.  Defendant Justice did not comply with the abatement agreement by the compliance dates listed in the agreement. Therefore, on March 15, 2019, OSMRE issued a final order requiring Defendant Justice to pay I18-090-000-017 in the amount of $7,150, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

524.     This debt has not been paid.  As of May 15, 2023, Defendant Justice owes $7,150 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with I18-090-000-017.

*Notice of Violation N18-090-535-006, Cessation Order C18-090-535-003, and associated Individual Civil Penalty I18-090-000-015*

525.     On or around August 11, 2018, OSMRE served Notice of Violation N18-090-535-006 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30

100

C.F.R. § 843.12. Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N18-090-535-006.

526. OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on September 4, 2018.

527. Defendant National Coal did not administratively contest the proposed assessment. Therefore, on October 4, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $8,529, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

528. This debt has not been paid. As of May 15, 2023, Defendant National Coal owes $8,529 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-535-006.

529. OSMRE served Cessation Order C18-090-535-003 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around September 4, 2018. Defendant National Coal failed to timely comply with or administratively contest Cessation Order C18-090-535-003.

530. OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on October 4, 2018.

531. Defendant National Coal did not administratively contest the proposed assessment. Therefore, on November 5, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty

amount of $73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

532.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-535-003.

533.    On or around September 4, 2018, OSMRE notified Defendant Justice that it issued Cessation Order C18-090-535-003 to National Coal and that he, as Managing Member of National Coal, may be personally liable for individual civil penalties arising from National Coal's violation under 30 U.S.C. § 1268(f).

534.    Defendant Justice, a director, officer, or agent of National Coal, was cited for willfully and knowingly authorizing, ordering, or carrying out National Coal's failure or refusal to timely comply with Cessation Order C18-090-535-003.

535.    Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a), OSMRE served Defendant Justice with notice of proposed assessment of individual civil penalty I18-090-000-015 on December 26, 2018.

536.    Defendant Justice failed to administratively contest I18-090-000-015.  On or around February 12, 2019, Defendant Justice entered into an agreement pursuant to 30 C.F.R. § 846.17(b) to mobilize equipment to the site by April 14, 2019, and abate the violation by April 31, 2019.[4]  Defendant Justice did not comply with the abatement

---

[4] The agreement's reference to April 31 was clearly in error and should have stated April 30.

agreement by the compliance dates listed in the agreement. Therefore, on April 30, 2019, OSMRE issued a final order requiring Defendant Justice to pay I18-090-000-015 in the amount of $8,257, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

537.    This debt has not been paid. As of May 15, 2023, Defendant Justice owes $8,257 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with I18-090-000-015.

*Notice of Violation N18-090-560-007*

538.    On or around September 17, 2018, OSMRE served Notice of Violation N18-090-560-007 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12. Defendant National Coal failed to administratively contest the validity of NOV N18-090-560-007.

539.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on October 1, 2018.

540.    Defendant National Coal did not administratively contest the proposed assessment. Therefore, on October 31, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $6,232, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

541.    This debt has not been paid. As of May 15, 2023, Defendant National Coal owes $6,232 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-560-007.

542.    On or around December 21, 2018, OSMRE served two-part Notice of Violation N18-090-535-008 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N18-090-535-008.

543.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on February 19, 2019.

544.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on March 21, 2019, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $21,976, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

545.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $21,976 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-535-008.

546.    OSMRE served Cessation Order C19-090-535-001 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around February 11, 2019.  Defendant National Coal failed to timely comply with or administratively contest Cessation Order C19-090-535-001.

547.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on March 18, 2019.

548.    Defendant National Coal did not administratively contest the proposed

assessment.  Therefore, on April 17, 2019, the notice of the proposed assessment became

the agency's final order requiring Defendant National Coal to pay the penalty amount of

$147,600, as well as additional interest, late payment penalties, and administrative

expenses that accrue on the unpaid balance.

549.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal

owes $147,600 in unpaid principal, in addition to unpaid pre-judgment interest, late

payment penalties, and administrative expenses associated with Cessation Order C19-

090-535-001.

550.    On or around February 11, 2019, OSMRE notified Defendant Justice that it

issued Cessation Order C19-090-535-001, Violation 2 of 2, to National Coal and that he,

as Managing Member of National Coal, may be personally liable for individual civil

penalties arising from National Coal's violation under 30 U.S.C. § 1268(f).

551.    Defendant Justice, a director, officer, or agent of National Coal, was cited

for willfully and knowingly authorizing, ordering, or carrying out National Coal's failure

or refusal to timely comply with Cessation Order C19-090-535-001.

552.    Pursuant to 30 U.S.C. § 1268(f) and 30 C.F.R. §§ 846.12 and 846.17(a),

OSMRE served Defendant Justice with notice of proposed assessment of individual civil

penalty I19-090-000-030 on December 16, 2019.

553.    Defendant Justice failed to enter an abatement agreement or timely

administratively contest I19-090-000-030.  Therefore, on January 15, 2020, the notice of

the proposed assessment became the agency's final order requiring Defendant Justice to

pay the individual penalty amount of $14,269, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

554.    This debt has not been paid.  As of May 15, 2023, Defendant Justice owes $14,269 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with I19-090-000-030.

*Notice of Violation N21-090-535-011*

555.    On or around November 30, 2021, OSMRE served Notice of Violation N21-090-535-011 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to administratively contest the validity of NOV N21-090-535-011.

556.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on December 23, 2021.

557.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on January 24, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $5,888, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

558.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $5,888 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N21-090-535-011.

559.    On or around May 26, 2020, OSMRE served Notice of Violation N20-090-461-007 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N20-090-461-007.

560.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on June 22, 2020.

561.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on July 22, 2020, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $7,063, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

562.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $7,063 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N20-090-461-007.

*Notice of Violation N21-090-461-001 and Cessation Order C21-090-461-002*

563.    On or around February 8, 2021, OSMRE served Notice of Violation N21-090-461-001 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N21-090-461-001.

564.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on March 8, 2021.

565. Following an informal conference pursuant to 30 C.F.R. § 845.18(a), OSMRE served notice of a conference officer action that affirmed the proposed assessment on May 10, 2021.

566. Defendant National Coal did not further administratively contest the proposed assessment. Therefore, on June 9, 2021, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $4,106, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

567. This debt has not been paid. As of May 15, 2023, Defendant National Coal owes $4,106 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N21-090-461-001.

568. OSMRE served Cessation Order C21-090-461-002 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) on or around March 15, 2021. Defendant National Coal failed to timely comply with or administratively contest Cessation Order C21-090-461-002.

569. OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on or before May 13, 2021.

570. Defendant National Coal did not administratively contest the proposed assessment. Therefore, on or before June 14, 2021, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $76,980, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

571.     This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $76,980 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C21-090-461-002.

*Cessation Order C22-090-461-007*

572.     OSMRE served Cessation Order C22-090-461-007 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(2) on or around September 28, 2022.  Defendant National Coal failed to timely comply with or administratively contest Cessation Order C22-090-461-007.

573.     OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on November 18, 2022.

574.     Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on December 19, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $9,930, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

575.     This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $9,930 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C22-090-461-007.

*Notice of Violation N22-090-461-007*

576.    On or around September 1, 2022, OSMRE served Notice of Violation N22-090-461-007 on Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N22-090-461-007.

577.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on October 27, 2022.

578.    Defendant National Coal did not administratively contest the proposed assessment.  Therefore, on November 28, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant National Coal to pay the penalty amount of $5,150, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

579.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal owes $5,150 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N22-090-461-007.

*Notice of Violation N22-090-461-008*

580.    On or around September 28, 2022, OSMRE served Notice of Violation N22-090-461-008 to Defendant National Coal pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant National Coal failed to timely comply with or administratively contest the validity of NOV N22-090-461-008.

581.    OSMRE served Defendant National Coal with a notice of proposed assessment of corporate civil penalty on November 7, 2022.

582.    Defendant National Coal did not administratively contest the proposed

assessment.  Therefore, on December 7, 2022, the notice of the proposed assessment

became the agency's final order requiring Defendant National Coal to pay the penalty

amount of $9,195, as well as additional interest, late payment penalties, and

administrative expenses that accrue on the unpaid balance.

583.    This debt has not been paid.  As of May 15, 2023, Defendant National Coal

owes $9,195 in unpaid principal, in addition to unpaid pre-judgment interest, late

payment penalties, and administrative expenses associated with NOV N22-090-461-008.

### *Civil Penalties: S+H Mining*

*Notice of Violation N18-090-534-007 and Cessation Order C18-090-534-002*

584.    On or around September 4, 2018, OSMRE served Notice of Violation N18-

090-534-007 on Defendant S+H Mining pursuant to 30 U.S.C. § 1271(a)(3) and 30

C.F.R. § 843.12.  Defendant S+H Mining failed to timely comply with or

administratively contest the validity of NOV N18-090-534-007.

585.    OSMRE served Defendant S+H Mining with a notice of proposed

assessment of corporate civil penalty on September 12, 2018.

586.    Defendant S+H Mining did not administratively contest the proposed

assessment.  Therefore, on October 12, 2018, the notice of the proposed assessment

became the agency's final order requiring Defendant S+H Mining to pay the penalty

amount of $3,936, as well as additional interest, late payment penalties, and

administrative expenses that accrue on the unpaid balance.

587.    This debt has not been paid.  As of May 15, 2023, Defendant S+H Mining owes $3,936 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N18-090-534-007.

588.    OSMRE served Cessation Order C18-090-534-002 on Defendant S+H Mining pursuant to 30 U.S.C. § 1271(a)(3) on or around September 17, 2018.  Defendant S+H Mining failed to timely comply with or administratively contest Cessation Order C18-090-534-002.

589.    OSMRE served Defendant S+H Mining with a notice of proposed assessment of corporate civil penalty on October 19, 2018.

590.    Defendant S+H Mining did not administratively contest the proposed assessment.  Therefore, on November 19, 2018, the notice of the proposed assessment became the agency's final order requiring Defendant S+H Mining to pay the penalty amount of $73,800, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

591.    This debt has not been paid.  As of May 15, 2023, Defendant S+H Mining owes $73,800 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C18-090-534-002.

*Notice of Violation N21-090-534-009*

592.    On or around December 23, 2021, OSMRE served Notice of Violation N21-090-534-009 on Defendant S+H Mining pursuant to 30 U.S.C. § 1271(a)(3) and 30

C.F.R. § 843.12. Defendant S+H Mining failed to administratively contest the validity of NOV N21-090-534-009.

593. OSMRE served Defendant S+H Mining with a notice of proposed assessment of corporate civil penalty on January 22, 2022.

594. Defendant S+H Mining did not administratively contest the proposed assessment. Therefore, on February 21, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant S+H Mining to pay the penalty amount of $4,848, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

595. This debt has not been paid. As of May 15, 2023, Defendant S+H Mining owes $4,848 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N21-090-534-009.

*Notice of Violation N21-090-534-010*

596. On or around December 23, 2021, OSMRE served Notice of Violation N21-090-534-010 to Defendant S+H Mining pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12. Defendant S+H Mining failed to administratively contest the validity of NOV N21-090-534-010.

597. OSMRE served Defendant S+H Mining with a notice of proposed assessment of corporate civil penalty on January 22, 2022.

598. Defendant S+H Mining did not administratively contest the proposed assessment. Therefore, on February 21, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant S+H Mining to pay the penalty

amount of $4,848, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

599.    This debt has not been paid.  As of May 15, 2023, Defendant S+H Mining owes $4,848 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N21-090-534-010.

*Notice of Violation N22-090-534-004 and Cessation Order C22-090-534-002*

600.    On or around July 25, 2022, OSMRE served Notice of Violation N22-090-534-004 to Defendant S+H Mining pursuant to 30 U.S.C. § 1271(a)(3) and 30 C.F.R. § 843.12.  Defendant S+H Mining failed to administratively contest the validity of NOV N22-090-534-004.

601.    OSMRE served Defendant S+H Mining with a notice of proposed assessment of corporate civil penalty on August 17, 2022.

602.    Defendant S+H Mining did not administratively contest the proposed assessment.  Therefore, on September 16, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant S+H Mining to pay the penalty amount of $4,414, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

603.    This debt has not been paid.  As of May 15, 2023, Defendant S+H Mining owes $4,414 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with NOV N22-090-534-004.

604.    OSMRE served Cessation Order C22-090-534-002 on Defendant S+H Mining pursuant to 30 U.S.C. § 1271(a)(3) on or around August 22, 2022.  Defendant

S+H Mining failed to timely comply with or administratively contest Cessation Order C22-090-534-002.

605.     OSMRE served Defendant S+H Mining with a notice of proposed assessment of corporate civil penalty on October 3, 2022.

606.     Defendant S+H Mining did not administratively contest the proposed assessment.  Therefore, on November 2, 2022, the notice of the proposed assessment became the agency's final order requiring Defendant S+H Mining to pay the penalty amount of $82,740, as well as additional interest, late payment penalties, and administrative expenses that accrue on the unpaid balance.

607.     This debt has not been paid.  As of May 15, 2023, Defendant S+H Mining owes $82,740 in unpaid principal, in addition to unpaid pre-judgment interest, late payment penalties, and administrative expenses associated with Cessation Order C22-090-534-002.

### AML Reclamation Fee & Audit Debts

#### A & G Coal Corporation

608.     Defendant A & G Coal Corporation failed to pay the Secretary the required AML reclamation fees on coal produced at Virginia permit 1101953 (1) from Q4 2020 through Q4 2021 and (2) from Q2 2022 through Q4 2022.

609.     This debt has not been paid.  As of May 15, 2023, Defendant A & G Coal Corporation owes the Secretary $47,479.57 total in delinquent reclamation fees, as well as pre-judgment interest, late payment penalties, and administrative expenses.  30 U.S.C. § 1232(e); 30 C.F.R. §§ 870.15, 870.21, and 870.23.

*Bluestone Coal Corporation*

610.    Defendant Bluestone Coal Corporation failed to pay the Secretary the required AML reclamation fees on coal produced at West Virginia Permit S-4003-99 (1) in Q2 2021 and (2) from Q1 2022 through Q4 2022.

611.    Defendant Bluestone Coal Corporation failed to pay the Secretary the required AML reclamation fees on coal produced at West Virginia Permit S-4013-01 (1) in Q4 2020, (2) from Q2 2021 through Q4 2021, and (3) from Q1 2022 through Q4 2022.

612.    This debt has not been paid.  As of May 15, 2023, Defendant Bluestone Coal Corporation owes the Secretary $46,724.44 total in delinquent reclamation fees, as well as pre-judgment interest, late payment penalties, and administrative expenses.  30 U.S.C. § 1232(e); 30 C.F.R. §§ 870.15, 870.21, and 870.23.

*Bluestone Oil Corporation*

613.    Defendant Bluestone Oil Corporation failed to pay the Secretary the required AML reclamation fees on coal produced at West Virginia permit EM-25 from (1) Q3 2021 through Q4 2021 and (2) Q2 2022 through Q4 2022.

614.    This debt has not been paid.  As of May 15, 2023, Defendant Bluestone Oil Corporation owes the Secretary $1,777.60 total in delinquent reclamation fees, as well as pre-judgment interest, late payment penalties, and administrative expenses.  30 U.S.C. § 1232(e); 30 C.F.R. §§ 870.15, 870.21, and 870.23.

*Chestnut Land Holdings, LLC*

615.    Defendant Chestnut Land Holdings, LLC failed to pay the Secretary the required AML reclamation fees on coal produced at Virginia Permit 1102079 (1) from Q3 2021 through Q4 2021 and (2) in Q1 2022.

616.    This debt has not been paid.  As of May 15, 2023, Defendant Chestnut Land Holdings, LLC owes the Secretary $2,329.14 total in delinquent reclamation fees, as well as pre-judgment interest, late payment penalties, and administrative expenses.  30 U.S.C. § 1232(e); 30 C.F.R. §§ 870.15, 870.21, and 870.23.

*Dynamic Energy, Inc.*

617.    On September 30, 2021, OSMRE issued a Reclamation Fee Compliance Audit of Dynamic Energy, Inc. for the period April 1, 2016, through December 31, 2020, Report Number 20200241139, which determined that Dynamic Energy underreported 41,019.10 tons of coal production for the quarter ending December 31, 2016, due to a bookkeeping error.  Dynamic Energy, Inc. did not challenge the results of the audit, and Dynamic Energy, Inc. owes $11,485.35 for the underreported tonnage, as well as pre-judgment interest, late payment penalties, and administrative expenses.  30 U.S.C. § 1232(d)(2), (e); 30 C.F.R. §§ 870.15, 870.21, and 870.23.

*Frontier Coal Company*

618.    Defendant Frontier Coal Company failed to pay the Secretary the required AML reclamation fees on coal produced at West Virginia Permit U4001-07 from Q1 2021 through Q2 2021.

619. Defendant Frontier Coal Company failed to pay the Secretary the required AML reclamation fees on coal produced at West Virginia Permit U4013-98 from Q3 2021 through Q3 2022.

620. This debt has not been paid. As of May 15, 2023, Defendant Frontier Coal Company owes the Secretary $14,091.02 total in delinquent reclamation fees, as well as pre-judgment interest, late payment penalties, and administrative expenses. 30 U.S.C. § 1232(e); 30 C.F.R. §§ 870.15, 870.21, and 870.23.

*Justice Energy Company, Inc.*

621. Defendant Justice Energy Company, Inc. failed to pay the Secretary the required AML reclamation fees on coal produced at West Virginia Permit S-72-82 from Q3 2020 through Q4 2021.

622. This debt has not been paid. As of May 15, 2023, Defendant Justice Energy Company, Inc. owes the Secretary $34,372.22 total in delinquent reclamation fees, as well as pre-judgment interest, late payment penalties, and administrative expenses. 30 U.S.C. § 1232(e); 30 C.F.R. §§ 870.15, 870.21, and 870.23.

*Kentucky Fuel Corporation*

623. On September 21, 2021, OSMRE issued a Reclamation Fee Compliance Audit of Kentucky Fuel Corporation for the period July 1, 2017, through December 31, 2020, Report Number 20200241144, which determined that Kentucky Fuel Corporation underreported 41,997.00 tons of coal production, due to a bookkeeping error. Kentucky Fuel Corporation did not challenge the results of the audit, and Kentucky Fuel Corporation owes $11,759.17 for the underreported tonnage, as well as pre-judgment

interest, late payment penalties, and administrative expenses. 30 U.S.C. § 1232(d)(2), (e); 30 C.F.R. §§ 870.15, 870.21, and 870.23.

624. Defendant Kentucky Fuel Corporation failed to pay the Secretary the required AML reclamation fees on coal produced at Kentucky Permit 898-0775 (1) from Q4 2020 through Q2 2021, (2) from Q4 2021 through Q2 2022, and (3) in Q4 2022.

625. This debt has not been paid. As of May 15, 2023, Defendant Kentucky Fuel Corporation owes the Secretary $19,666.18 total in delinquent reclamation fees, as well as pre-judgment interest, late payment penalties, and administrative expenses. 30 U.S.C. § 1232(e); 30 C.F.R. §§ 870.15, 870.21, and 870.23.

*Pay Car Mining, Inc.*

626. On November 26, 2021, OSMRE issued a Reclamation Fee Compliance Audit of Pay Car Mining, Inc. for the period April 1, 2016, through December 31, 2020, Report Number 20200241142, which determined that Pay Car Mining, Inc. underreported 6,733.80 tons of coal production for the quarter ending March 31, 2017, due to a bookkeeping error. Pay Car Mining, Inc. did not challenge the results of the audit, and Pay Car Mining, Inc. owes $808.06 for the underreported tonnage, as well as pre-judgment interest, late payment penalties, and administrative expenses. 30 U.S.C. § 1232(d)(2), (e); 30 C.F.R. §§ 870.15, 870.21, and 870.23.

*Tams Management, Inc.*

627. Defendant Tams Management, Inc. failed to pay the Secretary the required AML reclamation fees on coal produced at West Virginia permit S-3009-98 in Q3 2020.

628.    This debt has not been paid.  As of May 15, 2023, Defendant Tams Management, Inc. owes the Secretary $267.22 total in delinquent reclamation fees, as well as pre-judgment interest, late payment penalties, and administrative expenses.  30 U.S.C. § 1232(e); 30 C.F.R. §§ 870.15, 870.21, and 870.23.

## CLAIMS

### Count I (Corporate Civil Penalties)

629.    Plaintiff incorporates by reference all preceding paragraphs.

630.    By this claim, the United States seeks to recover unpaid corporate civil penalties following noncompliance with multiple notices of violation and cessation orders by Defendants Premium Coal, National Coal, and S+H Mining, as specifically set forth in the preceding paragraphs.

631.    As a result of the above-described violations of SMCRA and permit conditions, Defendant National Coal has accrued $1,888,652 in principal in unpaid corporate civil penalties as of May 15, 2023, as well as interest, late payment penalties, and administrative expenses.

632.    As a result of the above-described violations of SMCRA and permit conditions, Defendant Premium Coal has accrued $2,313,090 in principal in unpaid corporate civil penalties as of May 15, 2023, as well as interest, late payment penalties, and administrative expenses.

633.    As a result of the above-described violations of SMCRA and permit conditions, Defendant S+H Mining has accrued $174,586 in principal in unpaid corporate

civil penalties as of May 15, 2023, as well as interest, late payment penalties, and administrative expenses.

634.    Defendants Premium Coal, National Coal, and S+H Mining have failed to pay any portion of the accrued corporate civil penalties, or any interest, late payment penalties, or administrative expenses associated therewith.

635.    Defendants Premium Coal, National Coal, and S+H Mining failed to either pay or deposit into escrow the amount of the proposed assessment of corporate civil penalties within 30 days of service of the NOPAs described in Paragraphs 60 through 607.

636.    Because Defendants Premium Coal, National Coal, and S+H Mining failed to either pay or deposit into escrow the amount of the proposed assessment of corporate civil penalties within 30 days of service of the NOPAs, Defendants Premium Coal, National Coal, and S+H Mining have waived all legal rights to contest the violations or the amount of the corporate civil penalties in this proceeding.  30 U.S.C. § 1268(c).

637.    The United States has no further administrative remedy and hereby seeks to recover the corporate civil penalties described in Paragraphs 60 through 607 pursuant to 30 U.S.C. § 1268(d), plus interest, late payment penalties, and administrative expenses, as allowed by law.

638.    This claim is timely because it is filed within the five-year statute of limitations period of 28 U.S.C. § 2462 for the collection of unpaid civil penalties.

639.    These corporate civil penalties and associated interest, late payment penalties, and administrative expenses constitute a "debt" recoverable under the FDCPA. *See* 28 U.S.C. §§ 3001(a)(1), 3002(3)(B).

### Count II (Individual Civil Penalties)

640.    Plaintiff incorporates by reference all preceding paragraphs.

641.    By this claim, the United States seeks to recover unpaid individual civil penalties owed by Defendant Justice, as specifically set forth in the preceding paragraphs.

642.    As a result of the above-described violations of SMCRA and permit conditions, Defendant Justice has accrued $1,419,959 in principal in unpaid individual civil penalties, as well as interest, late payment penalties, and administrative expenses.

643.    Defendant Justice has failed to pay any portion of the accrued individual civil penalties, as well as interest, late payment penalties, and administrative expenses.

644.    Defendant Justice has failed to timely enter into abatement agreements, or failed to comply with abatement agreements entered into, in connection with the violations described in Paragraphs 60 through 583.

645.    Defendant Justice failed to timely petition for administrative review of the individual civil penalties assessed against him.  43 C.F.R. § 4.1302(a).  Defendant Justice has therefore waived all legal rights to contest the existence of the violation or the amount of the penalty in this proceeding.  43 C.F.R. § 4.1302(b).

646.    The United States has no further administrative remedy and hereby seeks to recover the individual civil penalties assessed against Defendant Justice and described

above pursuant to 30 U.S.C. § 1268(d), plus interest, late payment penalties, and administrative expenses, as allowed by law.

647. This claim is timely because it is filed within the five-year statute of limitations period of 28 U.S.C. § 2462 for the collection of unpaid civil penalties.

648. These individual civil penalties and associated interest, late payment penalties, and administrative expenses constitute a "debt" recoverable under the FDCPA. *See* 28 U.S.C. §§ 3001(a)(1), 3002(3)(B).

## Count III (Reclamation Fee and Audit Debts)

649. Plaintiff incorporates by reference all preceding paragraphs.

650. By this claim, the United States seeks to recover unpaid AML reclamation fee and audit debts from Defendants A & G Coal, Bluestone Coal, Bluestone Oil, Chestnut Land Holdings, Dynamic Energy, Frontier Coal, Justice Energy, Kentucky Fuel, Pay Car Mining, and Tams Management.

651. Defendants A & G Coal, Bluestone Coal, Bluestone Oil, Chestnut Land Holdings, Dynamic Energy, Frontier Coal, Justice Energy, Kentucky Fuel, Pay Car Mining, and Tams Management owe AML reclamation fee and audit debts, as specifically set forth in the preceding paragraphs.

652. Defendants A & G Coal, Bluestone Coal, Bluestone Oil, Chestnut Land Holdings, Dynamic Energy, Frontier Coal, Justice Energy, Kentucky Fuel, Pay Car Mining, and Tams Management have not paid any portion of the AML reclamation fee and audit debts cited in the preceding paragraphs.

653.    The United States has no administrative remedy by which to recover delinquent AML reclamation fee and audit debts.  Pursuant to 30 U.S.C. § 1232(e), the United States therefore seeks to recover the AML reclamation fee and audit debts outlined in Paragraphs 608 through 628, plus pre-judgment interest, late payment penalties, and administrative expenses, as allowed by law.

654.    This claim is timely because no statute of limitations applies to the collection of unpaid AML reclamation fee and audit debts.  *United States v. Tri-No Enter., Inc.*, 819 F.2d 154, 158 (7th Cir. 1987).

655.    These AML reclamation fee and audit debts and associated interest, late payment penalties, and administrative expenses constitute a "debt" recoverable under the FDCPA.  *See* 28 U.S.C. §§ 3001(a)(1), 3002(3)(B).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1.    Pursuant to Count I (corporate civil penalties):

    a.    That the Court grant judgment for the United States against National Coal in the principal amount of $1,888,652, plus pre- and post-judgment interest, late payment penalties, and administrative expenses, as allowed by law.

    b.    That the Court grant judgment for the United States against Premium Coal in the principal amount of $2,313,090, plus pre- and post-judgment interest, late payment penalties, and administrative expenses, as allowed by law.

c. That the Court grant judgment for the United States against S+H Mining in the principal amount of $174,586, plus pre- and post-judgment interest, late payment penalties, and administrative expenses, as allowed by law.

2. Pursuant to Count II (individual civil penalties):

a. That the Court grant judgment for the United States against James C. Justice, III in the principal amount of $1,419,959, plus pre- and post-judgment interest, late payment penalties, and administrative expenses, as allowed by law.

3. Pursuant to Count III for unpaid AML reclamation fee and audit debts:

a. That the Court grant judgment for the United States against A & G Coal in the principal amount of $47,479.57, plus pre- and post-judgment interest, late payment penalties, and administrative expenses, as allowed by law.

b. That the Court grant judgment for the United States against Bluestone Coal in the principal amount of $46,724.44, plus pre- and post-judgment interest, late payment penalties, and administrative expenses, as allowed by law.

c. That the Court grant judgment for the United States against Bluestone Oil in the principal amount of $1,777.60, plus pre- and post-judgment interest, late payment penalties, and administrative expenses, as allowed by law.

d. That the Court grant judgment for the United States against Chestnut Land Holdings in the principal amount of $2,329.14 plus pre- and post-judgment interest, late payment penalties, and administrative expenses, as allowed by law.

e.   That the Court grant judgment for the United States against Dynamic Energy in the principal amount of $11,485.35, plus pre- and post-judgment interest, late payment penalties, and administrative expenses, as allowed by law.

f.   That the Court grant judgment for the United States against Frontier Coal in the principal amount of $14,091.02, plus pre- and post-judgment interest, late payment penalties, and administrative expenses, as allowed by law.

g.   That the Court grant judgment for the United States against Justice Energy in the principal amount of $34,372.22, plus pre- and post-judgment interest, late payment penalties, and administrative expenses, as allowed by law.

h.   That the Court grant judgment for the United States against Kentucky Fuel in the principal amount of $31,425.35, plus pre- and post-judgment interest, late payment penalties, and administrative expenses, as allowed by law.

i.   That the Court grant judgment for the United States against Pay Car Mining in the principal amount of $808.06, plus pre- and post-judgment interest, late payment penalties, and administrative expenses, as allowed by law.

j.   That the Court grant judgment for the United States against Tams Management in the principal amount of $267.22, plus pre- and post-judgment interest, late payment penalties, and administrative expenses, as allowed by law.

4.   That Defendants be ordered to pay the outstanding corporate and individual civil penalties, AML reclamation fee and audit debts, and all associated interest,

penalties, and administrative expenses identified in Paragraphs 1–3 of the Prayer for Relief above within 30 days of the date of judgment.

5.   That Defendants be ordered to pay a 10% surcharge as authorized by the FDCPA, 28 U.S.C. § 3011(a).

6.   That the costs of this action be assessed against the Defendants.

7.   That the Court grant such further relief as it deems just and proper.

Dated: May 30, 2023                    Respectfully submitted,

**TODD KIM**
Assistant Attorney General
Environment & Natural Resources
Division

*/s/ Sally J. Sullivan*
Sally J. Sullivan (D.C. Bar No. 1021930)
Clare Boronow (Barred in Maryland)
U.S. Department of Justice
Environment & Natural Resources
Division, Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
Tel.: (202) 514-9269
Fax: (202) 305-0275
sally.sullivan@usdoj.gov
clare.boronow@usdoj.gov

**CHRISTOPHER R. KAVANAUGH**
United States Attorney

*/s/ Krista Consiglio Frith*
Krista Consiglio Frith (Va. Bar No. 89088)
Assistant United States Attorney
P.O. Box 1709

Roanoke, VA 24008-1709
Tel.: (540) 857-2250
Fax: (540) 857-2283
krista.frith@usdoj.gov

*Counsel for the United States*