Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 7:23-cv-00318-RSB |
| v. | ) | |
| | ) | |
| A & G COAL CORP., | ) | |
| BLUESTONE COAL CORP., | ) | |
| BLUESTONE OIL CORP., | ) | |
| CHESTNUT LAND HOLDINGS, LLC, | ) | |
| DYNAMIC ENERGY, INC., | ) | |
| FRONTIER COAL CO., JUSTICE | ) | |
| ENERGY CO., KENTUCKY FUEL | ) | |
| CORP., NATIONAL COAL, LLC, | ) | |
| PAY CAR MINING, INC., PREMIUM | ) | |
| COAL COMPANY, INC., S AND H | ) | |
| MINING, INC., TAMS | ) | |
| MANAGEMENT, INC., AND | ) | |
| JAMES C. JUSTICE, III, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S INTERROGATORIES TO DEFENDANTS**

The United States serves this First Set of Interrogatories to Defendants in accordance with

Federal Rules of Civil Procedure 26 and 33.

**INSTRUCTIONS**

1.      As required by Federal Rule of Civil Procedure 33(b)(3), each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

2.      Provide all responsive information known by you, your agents, employees, representatives, attorneys, or investigators.

3.      These requests are continuing in nature, and any additional information that you discover or identify after the date of your response, up to and including the time of trial, shall be promptly furnished to counsel for the United States. Under Federal Rule of Civil Procedure 26(e),

you must supplement or correct your responses in a timely manner if you learn that any response that you give to these interrogatories is incomplete or incorrect.

4.      If you object to any request on the bases of privilege, burdensomeness, proportionality, or any other reason, first provide as much information as possible in response, and then state the basis for your claim that the rest of the request is improper.

5.      If you object to all or part of any request on the basis of privilege, please provide a privilege log stating (a) the privilege asserted; (b) the author of the document; (c) the recipient(s) of the document; (d) the date the document was communicated or created; and (e) a sufficient description of the document to allow Defendant to assess the claim.

6.      If you object to all or part of any request on the ground of burdensomeness, please state: (a) the persons with direct knowledge about the claim of burdensomeness; (b) the number of documents or files needed to be searched to prepare a response; (c) the location of the documents or files; (d) the custodian of the documents or files; (e) the existence of any index or log of the documents, and its location and custodian; and (f) the estimated cost and number of hours for searching the documents or files.

7.      *Identify (With Respect to Persons)*. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and in the case of a natural person, the present or last known place of employment. Once a person has been identified, only the name of that person need be listed in response to further requests for identification of that person.

8.      *Identify (With Respect to Documents)*. When referring to documents or items, "to identify" means to give all information that would be necessary for Defendant to locate the document or item and to distinguish it from similar documents or items, including but not limited to its (a) type; (b) subject matter; (c) date; (d) location; (e) author(s), addressee(s), and recipient(s); and (f) identifying marks or data.

9.      When the identification of documents is requested, in lieu of identification as stated in Instruction No. 8 above, you may produce such document or a clear and legible copy of it.

10.      If all the information in answer to all or part of an interrogatory is not within your personal knowledge, identify each person who has personal knowledge of all or part of the information and each person who communicated any part of the information to you.

## **DEFINITIONS**

1.      "You" or "Your" means Defendants A & G Coal Corp., Bluestone Coal Corp., Bluestone Oil Corp., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Frontier Coal Co., Justice Energy Co., Kentucky Fuel Corp., National Coal, LLC, Pay Car Mining, Inc., Premium Coal Company, Inc., S and H Mining, Inc., Tams Management, Inc., and James C. Justice III, and any of their agents, employees, representatives, attorneys, and/or investigators.

2.    "Communication" means any type of disclosure, transfer, or exchange of information or knowledge from one person to another (orally or in writing), including statements, discussions, conversations, memos, presentations, responses, meetings, remarks, telephone calls, emails, and other electronic transmissions.

3.    "Document" and "documents" mean all documents and tangible things as defined in Federal Rule of Civil Procedure 34(a). Examples of documents include, but are not limited to: emails, letters, correspondence, statements, telegrams, memoranda, notes, records, financial statements, statistical and financial records, minutes, notices or notes of meetings, telephone or personal conversations, conferences, envelopes, company communications, microfilm, microfiche, tape recordings, videotapes, photographs, bulletins, studies, plans, analyses, notices, computer records, runs, programs or software, books, pamphlets, illustrations, lists, forecasts, brochures, periodicals, charts, graphs, indices, bills, statements, files, agreements, contracts, subcontracts, policies, amendments to policies or contracts, forms, schedules, worksheets, data compilations, manuals, calendars, diaries, test results, reports, notebooks, opinions or reports of consultants, and any other written, printed, typed, recorded, or graphic matter, or any nature, however produced or reproduced, and any and all handwritten notices or notes. The term "document" or "documents" shall also include electronic and magnetic data, including metadata. The term "document" or "documents" includes all drafts and versions of such document, and also includes every copy of a writing or record that has any commentary or notes that do not appear on the original or any other copy.

4.    "This Lawsuit" means: *United States v. A & G Coal Corp., et al.*, Case No. 7:23-cv-000318, in the United States District Court for the Western District of Virginia.

5.    "Person" means all individuals and entities of every description, including any natural person, corporation, partnership, proprietorship, association, trust, company, estate, business and/or governmental entity or agency (public or private) having a separate identity, recognized in law or in fact.

6.    "Possession, custody or control" includes constructive possession—you need not have actual physical possession. As long as you have a right to compel the production from a third party (including an agency, authority, or representative), you have possession, custody or control.

7.    "Relate(s) to," "related to," or "relating to" means any document or communication that constitutes, contains, evidences, embodies, comprises, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to that subject, including documents or communications about the presentation or existence of other documents or communications.

8.    "Third party" means any person who is neither a party to nor an attorney in this lawsuit.

## <u>CONSTRUCTION</u>

1.    All pronouns shall apply to the male, female, and neutral genders.

2.      The word "any" shall include the word "all," and vice versa.

3.      The past tense of a word shall include the present tense, and vice versa.

4.      The singular form of a word includes the plural, and vice versa.

5.      The conjunctive "and" includes the disjunctive "or," and vice versa.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** Explain whether you are asserting that notice and/or service were improper for any of the penalties or AML reclamation fee or audit debts sought in the Complaint. If you are, identify the specific penalties or AML reclamation fee or audit debts for which you are asserting this defense and all facts and evidence you assert support this defense.

**RESPONSE:**


**INTERROGATORY NO. 2:** Explain whether you are asserting that any of the United States' claims are barred by a statute of limitations. If you are, identify the specific penalties or AML reclamation fee or audit debts for which you are asserting this defense and all facts and evidence you assert support this defense.

**RESPONSE:**


**INTERROGATORY NO. 3:** Explain whether you are asserting that any of the penalties or AML reclamation fee or audit debts sought in the Complaint violate or violated the Eighth Amendment of the U.S. Constitution. If you are, identify the specific penalties or AML reclamation fee or audit debts for which you are asserting this defense and identify all facts and evidence you assert support your defense under the Eighth Amendment.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify all penalties alleged in the Complaint, both corporate civil penalties and individual civil penalties, for which you assert you have made a full or partial payment and all evidence you assert supports this defense.

**RESPONSE:**

**INTERROGATORY NO. 5:** Identify all AML reclamation fees or audit debts alleged in the Complaint for which you assert you have made a full or partial payment and all evidence you assert supports this defense.

**RESPONSE:**

**INTERROGATORY NO. 6:** Identify all abatement agreements that James C. Justice, III entered into for any of the individual civil penalties identified in the Complaint, including all facts and evidence supporting your assertion that James C. Justice, III entered into those abatement agreements.

**INTERROGATORY NO. 7:** If you contend that James C. Justice, III entered into an abatement agreement for one or more of the individual civil penalties identified in the Complaint, explain whether you complied with that abatement agreement or those abatement agreements, including the identification of all facts and evidence that demonstrate that you complied with that abatement agreement or those abatement agreements.

**INTERROGATORY NO. 8:** Explain whether you are asserting that the United States has an administrative remedy by which to recover the penalties or AML reclamation fee or audit debts sought in the Complaint.  If you are, identify the specific penalties and/or AML reclamation fees or audit debts for which you are asserting this defense and all facts and evidence you assert support this defense.

Respectfully submitted,

**TODD KIM**
Assistant Attorney General
Environment & Natural Resources Division

*/s/ Clare Boronow*
Clare Boronow (Barred in Maryland)
U.S. Department of Justice
Environment & Natural Resources Division,
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
Tel.: (202) 514-9269
Fax: (202) 305-0275
sally.sullivan@usdoj.gov
clare.boronow@usdoj.gov

**CHRISTOPHER R. KAVANAUGH**
United States Attorney

*/s/ Krista Consiglio Frith*
Krista Consiglio Frith (Va. Bar No. 89088)
Assistant United States Attorney
P.O. Box 1709
Roanoke, VA 24008-1709
Tel.: (540) 857-2250
Fax: (540) 857-2283
krista.frith@usdoj.gov

*Counsel for the United States*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 22, 2023, a copy of the foregoing was provided via email to the

following:

Aaron B. Houchens
AARON B. HOUCHENS, P.C.
111 E. Main Street
P.O. Box 1250
Salem, Virginia 24153
aaron@houchenslaw.com


*/s/ Krista Consiglio Frith*
Krista Consiglio Frith
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 7:23-cv-00318-RSB |
| v. | ) | |
| | ) | |
| A & G COAL CORP., | ) | |
| BLUESTONE COAL CORP., | ) | |
| BLUESTONE OIL CORP., | ) | |
| CHESTNUT LAND HOLDINGS, LLC, | ) | |
| DYNAMIC ENERGY, INC., | ) | |
| FRONTIER COAL CO., JUSTICE | ) | |
| ENERGY CO., KENTUCKY FUEL | ) | |
| CORP., NATIONAL COAL, LLC, | ) | |
| PAY CAR MINING, INC., PREMIUM | ) | |
| COAL COMPANY, INC., S AND H | ) | |
| MINING, INC., TAMS | ) | |
| MANAGEMENT, INC., AND | ) | |
| JAMES C. JUSTICE, III, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

The United States serves Defendants with this First Set of Requests for Production of Documents in accordance with Federal Rules of Civil Procedure 26 and 34.

**INSTRUCTIONS**

1. Produce all documents in the possession, custody, or control of you or your agents, employees, representatives, attorneys, or investigators.

2. All documents produced based on these requests should be in the form, order, and manner in which they are regularly maintained. Paper documents should be clipped, stapled, or otherwise arranged in the same form or manner as found. Each document or set of documents should be labeled with the request(s) to which it responds.

3. These requests are continuing in nature and any additional information that you discover or identify after the date of your response, up to and including the time of trial, shall be promptly furnished to counsel for Defendant. Under the Federal Rule of Civil Procedure 26(e), you

must supplement or correct your responses in a timely manner if you learn that any response that you give to these requests for production is incomplete or incorrect.

4.      If any document or record responsive to these requests for production has been destroyed or lost, please identify the document, the date that the document was destroyed or lost, the procedures and authority under which it was destroyed, the last known custodian of the document before its destruction, and, if available, the substance of the document.

5.      If you object to any request for production of documents on the basis of privilege, burdensomeness, proportionality, or any other reason, first provide as much information as possible in response, and then state the basis for claiming that the rest of the request is improper.

6.      If you object to all or part of any request on the basis of privilege, please provide a privilege log stating (a) the privilege asserted; (b) the author of the document; (c) the recipient(s) of the document; (d) the date the document was communicated or created; (e) a sufficient description of the document to allow Defendant to assess the claim.

7.      If you object to all or part of any request on the ground of burdensomeness, please state: (a) the persons with direct knowledge about the claim of burdensomeness; (b) the number of documents or files needed to be searched to prepare a response; (c) the location of these documents or files; (d) the custodian of these documents or files; (e) the existence of any index or log of these documents, and its location and custodian; and (f) the estimated cost and number of hours for searching these documents or files.

8.      Production Format: Documents should be Bates labeled and provided on CD, DVD, external hard drive/USB thumb drive, or via the United States' file sharing site (USAfx) and meet the following specifications:

   a. Images: All images must be provided as Bates endorsed single page TIFF Group IV format for black and white or single page JPG for color. Photos and graphic files (JPG, GIF, PNG, etc.) should be provided in color. Document file types (doc, pdf, msg, ppt, etc.) should be provided in black and white.
   b. Natives: Native files should be provided for each document. Native file names must match the BEGBATES for the record, which should match the number endorsed on the image of the first page.
   c. Text: Extracted text should be provided with all records where possible, otherwise OCR text should be provided (e.g., hard copy, redacted, image files).
   d. Load Files: Productions should contain a load file with metadata.
   e. Audio & Video Files: A searchable descriptive placeholder PDF with a Bates number should be created for each audio or video file, and the native files shall be produced inclusive of all metadata.
   f. Paper Documents: Any paper documents should be scanned into readable PDF files, saved as a separate file with each page Bates numbered.
   g. Text Messages: Text messages should be produced in a CSV file containing the text messages and corresponding metadata.

# DEFINITIONS

1.      "You" or "Your" means Defendants A & G Coal Corp., Bluestone Coal Corp., Bluestone Oil Corp., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Frontier Coal Co., Justice Energy Co., Kentucky Fuel Corp., National Coal, LLC, Pay Car Mining, Inc., Premium Coal Company, Inc., S and H Mining, Inc., Tams Management, Inc., and James C. Justice III, and any of their agents, employees, representatives, attorneys, and/or investigators.

2.      "Communication" means any type of disclosure, transfer, or exchange of information or knowledge from one person to another (orally or in writing), including statements, discussions, conversations, memos, presentations, responses, meetings, remarks, telephone calls, emails, and other electronic transmissions.

3.      "Document" and "documents" mean all documents and tangible things as defined in Federal Rule of Civil Procedure 34(a). Examples of documents include, but are not limited to: emails, letters, correspondence, statements, telegrams, memoranda, notes, records, financial statements, statistical and financial records, minutes, notices or notes of meetings, telephone or personal conversations, conferences, envelopes, company communications, microfilm, microfiche, tape recordings, videotapes, photographs, bulletins, studies, plans, analyses, notices, computer records, runs, programs or software, books, pamphlets, illustrations, lists, forecasts, brochures, periodicals, charts, graphs, indices, bills, statements, files, agreements, contracts, subcontracts, policies, amendments to policies or contracts, forms, schedules, worksheets, data compilations, manuals, calendars, diaries, test results, reports, notebooks, opinions or reports of consultants, and any other written, printed, typed, recorded, or graphic matter, or any nature, however produced or reproduced, and any and all handwritten notices or notes. The term "document" or "documents" shall also include electronic and magnetic data, including metadata. The term "document" or "documents" includes all drafts and versions of such document, and also includes every copy of a writing or record that has any commentary or notes that do not appear on the original or any other copy.

4.      "This Lawsuit" means: *United States v. A & G Coal Corp., et al.*, Case No. 7:23-cv-000318, in the United States District Court for the Western District of Virginia.

5.      "Person" means all individuals and entities of every description, including any natural person, corporation, partnership, proprietorship, association, trust, company, estate, business and/or governmental entity or agency (public or private) having a separate identity, recognized in law or in fact.

6.      "Possession, custody or control" includes constructive possession—you need not have actual physical possession. As long as you have a right to compel the production from a third party (including an agency, authority, or representative), you have possession, custody or control.

7.      "Relate(s) to," "related to," or "relating to" means any document or communication that constitutes, contains, evidences, embodies, comprises, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to that subject, including documents or communications about the presentation or existence of other documents or communications.

8.      "Third party" means any person who is neither a party to nor an attorney in this lawsuit.

## CONSTRUCTION

1.  All pronouns shall apply to the male, female, and neutral genders.

2.  The word "any" shall include the word "all," and vice versa.

3.  The past tense of a word shall include the present tense, and vice versa.

4.  The singular form of a word includes the plural, and vice versa.

5.  The conjunctive "and" includes the disjunctive "or," and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**  All documents referenced in or supporting your answers to interrogatories.

**REQUEST NO. 2:** All documents evidencing that Pay Car Mining, Inc. has paid, in whole or in part, the AML reclamation fees, audit debts, and/or any associated interest, late payment penalties, or administrative expenses described in Paragraph 626 of the Complaint.

**REQUEST NO. 3:** All documents evidencing that Dynamic Energy, Inc. has paid, in whole or in part, the AML reclamation fees, audit debts, and/or any associated interest, late payment penalties, or administrative expenses described in Paragraph 617 of the Complaint.

**REQUEST NO. 4:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-013.

**REQUEST NO. 5:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-014.

**REQUEST NO. 6:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-007.


**REQUEST NO. 7:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-008.


**REQUEST NO. 8:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-009.


**REQUEST NO. 9:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-018.


**REQUEST NO. 10:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I19-090-000-023.


**REQUEST NO. 11:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-010.


**REQUEST NO. 12:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-011.


**REQUEST NO. 13:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-012.

**REQUEST NO. 14:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-017.

**REQUEST NO. 15:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-015.

**REQUEST NO. 16:** All documents evidencing that James C. Justice, III timely administratively contested Individual Civil Penalty No. I19-090-000-030.

**REQUEST NO. 17:** All documents evidencing any payments made by any Defendants on any of the debts set forth in the Complaint.

**REQUEST NO. 18:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-013.

**REQUEST NO. 19:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-014.

**REQUEST NO. 20:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-009.

**REQUEST NO. 21:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-018.

**REQUEST NO. 22:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-010.

**REQUEST NO. 23:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-011.

**REQUEST NO. 24:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-012.

**REQUEST NO. 25:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-017.

**REQUEST NO. 26:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-015.

**REQUEST NO. 27:** All documents evidencing that James C. Justice, III entered into an abatement agreement for Individual Civil Penalty No. I18-090-000-007.

**REQUEST NO. 28:** All documents evidencing that James C. Justice, III entered into an abatement agreement for Individual Civil Penalty No. I18-090-000-008.

**REQUEST NO. 29:** All documents evidencing that James C. Justice, III entered into an abatement agreement for Individual Civil Penalty No. I19-090-000-023.

**REQUEST NO. 30:** All documents evidencing that James C. Justice, III entered into an abatement

agreement for Individual Civil Penalty No. I19-090-000-030.


**REQUEST NO. 31:** All documents evidencing Defendants ceased mining and/or operations at the

properties and permits subject to this enforcement action between 2017 and 2023.


Respectfully submitted,

**TODD KIM**
Assistant Attorney General
Environment & Natural Resources Division

*/s/ Clare Boronow*
Clare Boronow (Barred in Maryland)
U.S. Department of Justice
Environment & Natural Resources Division,
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
Tel.: (202) 514-9269
Fax: (202) 305-0275
clare.boronow@usdoj.gov

**CHRISTOPHER R. KAVANAUGH**
United States Attorney

*/s/ Krista Consiglio Frith*
Krista Consiglio Frith (Va. Bar No. 89088)
Assistant United States Attorney
P.O. Box 1709
Roanoke, VA 24008-1709
Tel.: (540) 857-2250
Fax: (540) 857-2283
krista.frith@usdoj.gov

*Counsel for the United States*

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2023, a copy of the foregoing was provided via email to the

following:

    Aaron B. Houchens
    AARON B. HOUCHENS, P.C.
    111 E. Main Street
    P.O. Box 1250
    Salem, Virginia 24153
    aaron@houchenslaw.com

                                          */s/ Krista Consiglio Frith*
                                          Krista Consiglio Frith
                                          Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|                       ) | |
|       Plaintiff,     ) | |
|                       ) | Civil Action No. 7:23-cv-00318-RSB |
| v.                    ) | |

UNITED STATES OF AMERICA,   )
                )
      Plaintiff,   )
                )     Civil Action No. 7:23-cv-00318-RSB
v.               )
                )
A & G COAL CORP.,     )
BLUESTONE COAL CORP.,   )
BLUESTONE OIL CORP.,    )
CHESTNUT LAND HOLDINGS, LLC,   )
DYNAMIC ENERGY, INC.,   )
FRONTIER COAL CO., JUSTICE   )
ENERGY CO., KENTUCKY FUEL   )
CORP., NATIONAL COAL, LLC,   )
PAY CAR MINING, INC., PREMIUM   )
COAL COMPANY, INC., S AND H   )
MINING, INC., TAMS   )
MANAGEMENT, INC., AND   )
JAMES C. JUSTICE, III,   )
                )
      Defendants.   )

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS

The United States makes the following Requests for Admissions (RFA) upon Defendant pursuant to Federal Rule of Civil Procedure 36.

## DEFINITIONS AND INSTRUCTIONS

1. "You" or "Your" means Defendants A & G Coal Corp., Bluestone Coal Corp., Bluestone Oil Corp., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Frontier Coal Co., Justice Energy Co., Kentucky Fuel Corp., National Coal, LLC, Pay Car Mining, Inc., Premium Coal Company, Inc., S and H Mining, Inc., Tams Management, Inc., and James C. Justice III, and any of their agents, employees, representatives, attorneys, and/or investigators.

2. The singular includes the plural and the plural includes the singular. The present tense includes the past and future tenses. Words in feminine, masculine, or neutral form shall includes each of the other genders.

3.      Any term not defined herein has its usual and customary meaning.

4.      If, in answering these RFAs, Defendants encounter any ambiguities when construing a Request, instruction, or definition, Defendants' answer shall set forth the matter deemed ambiguous and the construction used in answering.

5.      These RFAs should be answered separately, fully, and under oath pursuant to Federal Rule of Civil Procedure 36.


## <u>REQUESTS FOR ADMISSION</u>

**RFA NO. 1:** Admit that Pay Car Mining did not challenge the results of Audit Report Number

20200241142, referenced in Paragraph 626 of the Complaint.

**RESPONSE:**


**RFA NO. 2:** Admit that Dynamic Energy did not challenge the results of Audit Report Number

20200241139, referenced in Paragraph 617 of the Complaint.

**RESPONSE:**


**RFA NO. 3:** Admit that James C. Justice, III did not administratively contest Individual Civil

Penalty No. I18-090-000-013.

**RESPONSE:**


**RFA NO. 4:** Admit that James C. Justice, III did not administratively contest Individual Civil

Penalty No. I18-090-000-014.

**RESPONSE:**

**RFA NO. 5:** Admit that James C. Justice, III did not administratively contest Individual Civil Penalty No. I18-090-000-007.

**RESPONSE:**


**RFA NO. 6:** Admit that James C. Justice, III did not administratively contest Individual Civil Penalty No. I18-090-000-008.

**RESPONSE:**


**RFA NO. 7:** Admit that James C. Justice, III did not administratively contest Individual Civil Penalty No. I18-090-000-009.

**RESPONSE:**


**RFA NO. 8:** Admit that James C. Justice, III did not administratively contest Individual Civil Penalty No. I18-090-000-018.

**RESPONSE:**


**RFA NO. 9:** Admit that James C. Justice, III did not administratively contest Individual Civil Penalty No. I19-090-000-023.

**RESPONSE:**


**RFA NO. 10:** Admit that James C. Justice, III did not administratively contest Individual Civil Penalty No. I18-090-000-010.

**RESPONSE:**

**RFA NO. 11:** Admit that James C. Justice, III did not administratively contest Individual Civil Penalty No. I18-090-000-011.

**RESPONSE:**

**RFA NO. 13:** Admit that James C. Justice, III did not administratively contest Individual Civil Penalty No. I18-090-000-012.

**RESPONSE:**

**RFA NO. 13:** Admit that James C. Justice, III did not administratively contest Individual Civil Penalty No. I18-090-000-017.

**RESPONSE:**

**RFA NO. 14:** Admit that James C. Justice, III did not administratively contest Individual Civil Penalty No. I18-090-000-015.

**RESPONSE:**

**RFA NO. 15:** Admit that James C. Justice, III did not administratively contest Individual Civil Penalty No. I19-090-000-030 within 30 days of receiving the NOPA.

**RESPONSE:**

Respectfully submitted,

**TODD KIM**
Assistant Attorney General
Environment & Natural Resources Division

*/s/ Clare Boronow*
Clare Boronow (Barred in Maryland)
U.S. Department of Justice
Environment & Natural Resources Division,
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
Tel.: (202) 514-9269
Fax: (202) 305-0275
clare.boronow@usdoj.gov

**CHRISTOPHER R. KAVANAUGH**
United States Attorney

*/s/ Krista Consiglio Frith*
Krista Consiglio Frith (Va. Bar No. 89088)
Assistant United States Attorney
P.O. Box 1709
Roanoke, VA 24008-1709
Tel.: (540) 857-2250
Fax: (540) 857-2283
krista.frith@usdoj.gov

*Counsel for the United States*

## CERTIFICATE OF SERVICE

I certify that on September 22, 2023, a copy of the foregoing was provided via email to

the following:

Aaron B. Houchens
AARON B. HOUCHENS, P.C.
111 E. Main Street
P.O. Box 1250
Salem, Virginia 24153
aaron@houchenslaw.com

*/s/ Krista Consiglio Frith*
Krista Consiglio Frith
Assistant United States Attorney