Exhibit D

**AARON B. HOUCHENS, P.C.**
ATTORNEY AT LAW

———•O•———

111 E. Main St., P.O. Box 1250, Salem, Virginia 24153
TEL: (540) 389-4498 • FAX: (540) 339-3903
www.houchenslaw.com

Aaron B. Houchens
aaron@houchenslaw.com

November 17, 2023

*Via E-Mail & U.S. Mail*

Krista Consiglio Frith
United States Attorneys Office - Roanoke
Western District of Virginia
310 First Street, SW, Suite 906
Roanoke, VA 24008

  RE: United States of America v. A&G Coal Corp., et al
     Case No: 7:23-cv-318

Dear Mrs. Frith:

  I hope this letter finds you well.

  Enclosed please find Defendants Answers and Responses to the Government's Discovery Request.

  Thank you for your consideration in this matter. If you have any questions please do not hesitate to contact my office.

              Very truly yours,

              *[signature]*

              Aaron B. Houchens

ABH/mam

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     *Plaintiff,* | ) |
| v. | )   Civil Action No.: 7:23-cv-318 |
| A&G COAL CORP., et al | ) |
|     *Defendants.* | ) |

**DEFENDANTS' ANSWERS TO THE UNITED STATES OF AMERICA'S FIRST INTERROGATORIES**

Defendants A&G Coal Corp., Bluestone Coal Corp., Bluestone Oil Corp., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Frontier Coal Co., Justice Energy Co., Kentucky Fuel Corp., National Coal, LLC, Pay Car Mining, Inc. Premium Coal Company, Inc., S and H Mining, Tams Management, Inc, and James C. Justice, III (collectively the "Defendants"), and for their Answers to the Interrogatories submitted by the United States of America, state as follow:

**INTERROGATORIES**

**General Statement**. Defendants suffered a ransomware attack in May 2021. The ransomware attack resulted in the loss of most digital information that was stored prior to that date. Defendants have been able to locate some information through archives and other sources but to date much of the information remains missing. Typical practice when receiving violations, notices, and other communications from OSMRE was to scan and save the communication digitally, therefore Defendants have lost access to almost all communications prior to May 2021. One source of locating a backup of such information was if the information was emailed, therefore much of the information disclosed in conjunction herewith had been emailed between the parties. Also, in effort to mitigate the impact of the ransomware event upon this production, Defendants have attempted to access documents through OSMRE's AVE website. However, these efforts were impacted by the website being temporarily unavailable. When Defendants inquired with OSMRE personnel, Defendants were advised the website had encountered recent complications and as a result is currently unavailable to the public. This General Statement is hereby incorporated into all of Defendants interrogatory responses below.

1

**INTERROGATORY NO. 1:** Explain whether you are asserting that notice and/or service were improper for any of the penalties or AML reclamation fee or audit debts sought in the Complaint. If you are, identify the specific penalties or AML reclamation fees or audit debts for which you are asserting this defense and all facts and evidence you assert support this defense.

**RESPONSE:** Defendants state that on certain occasions notices of violations and resulting penalties have not been properly served on the respective Defendants. The Defendants by letter dated October 7, 2020 (Bates #DEF000085-DEF000086) advised Plaintiff that notices were not being properly served on the Defendants. The facts supporting this claim are outlined in the letter.

**INTERROGATORY NO. 2:** Explain whether you are asserting that any of the United States' claims were barred by a statute of limitations. If you are, identify the specific penalties or AML reclamation fee or audit debts for which you are asserting this defense and all facts and evidence you assert support this defense.

**RESPONSE:** Defendants state the following the following claims may be barred by the applicable five (5) year statute of limitations: *N18-090-281-002, C18-090-281-002 and I18-090-000-006; N18-090-560-003; N18-090-560-005; C18-090-560-003' N18-090-560-005; I18-090-281-001; C18-090-281-001; I18-090-000-013; I18-090-000-014; N18-090-171-001; C18-090-171-001; I18-090-000-007; I148-090-000-008; C18-090-171-002; I18-090-000-009; N18-090-546-002; N18-090-546-003; N18-090-535-001; C18-090-535-001; C18-090-560-002; N18-090-281-003; C18-090-281-003; and N18-090-560-004*. The applicable statute expressly states that the five-year statute of limitations begins to run "from the date when the claim first accrued." There is a circuit split regarding when such a claim may accrue. In the light most favorable to the Defendants, a claim accrues from the commission of the act giving rise to liability, and not from the time of imposition of the penalty. Under this theory, the above claims are barred. However, under the theory that a claim to collect an administratively imposed civil penalty cannot accrue until the penalty is administratively imposed, it appears the Government filed its Complaint a day before the expiration of the limitations period. *See United States v. McCune,* 763 F. Supp. 916 (S.D. Ohio 1989).

**INTERROGATORY NO. 3:** Explain whether you are asserting that any of the penalties or AML reclamation fee or audit debts sought in the Complaint violate or violated the Eighth Amendment of the U.S. Constitution. If you are, identify the specific penalties or AML reclamation fee or audit debts for which you are asserting this defense and identify all facts and evidence you assert support your defense under the Eight Amendment.

AARON B. HOUCHENS, P.C.
Salem, Virginia

2

**RESPONSE:** Defendants state that the individual civil penalties totaling over $1 million dollars violate the Eighth Amendment of the U.S. Constitution. Please see Bates #DEF000087-DEF000088 wherein advised OSMRE the individual assessments do not comply with OSMRE policy and should be withdrawn. Because these individual civil penalties are not in compliance with OSMRE policy, and they are punitive in nature and do not otherwise serve any purpose as stated by the OSMRE policy the individual civil penalties are in violation of the Eighth Amendment of the U.S. Constitution.

Under the circumstances here, where the penalties imposed are largely due to the Corporate Defendants inability to perform reclamation work due to a lack of financial capital, the imposition of individual penalties upon Mr. Justice would constitute a punishment. As noted herein, Mr. Justice directed the Corporate Defendants to perform the work, but they were financially unable to do so. Mr. Justice has a limited ability to pay such a massive fine and this inability to pay makes the imposition of such a penalty a punishment under Eighth Amendment jurisprudence. Moreover, in this circumstance, the civil penalties imposed upon the Corporate Defendants, who are not asserting an Eighth Amendment protest, satisfy the goal of raising Government revenue to conduct reclamation work and the individual penalties are duplicative. For further information, please see Defendants' Answer filed herein.

**INTERROGATORY NO. 4:** Identify all penalties alleged in the Complaint, both corporate civil penalties and individual civil penalties, for which you assert you have made a full or partial payment and all evidence you assert supports this defense.

**RESPONSE:** None.

**INTERROGATORY NO. 5:** Identify all AML reclamation fees or audit debts alleged in the Complaint for which you assert you have made a full or partial payment and all evidence you assert supports this defense.

**RESPONSE:** None. Applicable Defendants have consented to judgment on the issue of the AML fees.

**INTERROGATORY NO. 6:** Identify all abatement agreements that James C. Justice, III entered into for any of the individual civil penalties identified in the Complaint, including all facts and evidence supporting your assertion that James C. Justice, III entered into those abatement agreements.

**RESPONSE:** Defendants refer Plaintiffs to Bates Numbers DEF000016-DEF000082 for abatement agreements entered into by the Defendant Companies. The purpose of these abatement

3

agreements was to complete the outstanding reclamation and eliminate the individual civil penalties as set forth in the proposal sent to OSM by Defendants DEF000001-DEF000015.

**INTERROGATORY NO. 7:** If you contend that James C. Justice, III entered into an abatement agreement for one or more of the individual civil penalties identified in the Complaint, explain whether you complied with that abatement agreement or those abatement agreements, including the identification of all facts and evidence that demonstrate that you complied with that abatement agreement or those abatement agreements.

**RESPONSE:** Defendants refer Plaintiffs to the Response to Interrogatory Number 6. Defendants further refer Plaintiff to DEF DEF000001 through DEF000082

**INTERROGATORY NO. 8:** Explain whether you are asserting that the United States has an administrative remedy by which to recover the penalties or AML reclamation fee or audit debts sought in the Complaint. If you are, identify the specific penalties and/or AML reclamation fees or audit debts for which you are asserting this defense and all facts and evidence you assert support this defense.

**RESPONSE:** Defendants are not making such an assertion.

Respectfully submitted,

A&G COAL CORP., et at.

By: _____/s/_____
Of Counsel

Aaron B. Houchens, Esq. (VSB #80489)
AARON B. HOUCHENS, P.C.
111 East Main Street
P.O. Box 1250
Salem, Virginia 24153
540-389-4498 (telephone)
540-339-3903 (facsimile)
aaron@houchenslaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was forwarded to the following via U.S. mail and e-mail, this 17th day of November 2023.

Krista Consiglio Frith
United States Attorneys Office - Roanoke
Western District of Virginia
310 First Street, SW, Suite 906
Roanoke, VA 24008
Tel.: 540-857-2956
Fax: 540-857-2283
Krista.Frith@usdoj.gov

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     *Plaintiff,* | ) ) ) |
| v. | )   Civil Action No.: 7:23-cv-318 |
| A&G COAL CORP., et al | ) ) ) |
|     *Defendants.* | ) |

**DEFENDANTS' RESPONSES TO THE UNITED STATES OF AMERICA'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants A&G Coal Corp., Bluestone Coal Corp., Bluestone Oil Corp., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Frontier Coal Co., Justice Energy Co., Kentucky Fuel Corp., National Coal, LLC, Pay Car Mining, Inc. Premium Coal Company, Inc., S and H Mining, Tams Management, Inc, and James C. Justice, III (collectively the "Defendants"), and for their Responses to the Production of Documents submitted by the United States of America, state as follow:

**REQUEST FOR PRODUCTION**

**General Statement**. Defendants suffered a ransomware attack in May 2021. The ransomware attack resulted in the loss of most digital information that was stored prior to that date. Defendants have been able to locate some information through archives and other sources but to date much of the information remains missing. Typical practice when receiving violations, notices, and other communications from OSMRE was to scan and save the communication digitally, therefore Defendants have lost access to almost all communications prior to May 2021. One source of locating a backup of such information was if the information was emailed, therefore much of the information disclosed in conjunction herewith had been emailed between the parties. Also, in effort to mitigate the impact of the ransomware event upon this production, Defendants have attempted to access documents through OSMRE's AVE website. However, these efforts were impacted by the website being temporarily unavailable. When Defendants inquired with OSMRE personnel, Defendants were advised the website had encountered recent complications and as a result is currently unavailable to the public. This General Statement is hereby incorporated into all of Defendants responses below.

1

**RESPONSE:**  See Bates Numbers DEF000001-DEF000088.

**REQUEST NO. 2:**   All documents evidencing that Pay Car Mining, Inc., has paid in whole or in part, the AML reclamation fees, audit debts, and/or any associated interest, late payment penalties, or administrative expenses described in Paragraph 626 of the Complaint.

**RESPONSE:** None.

**REQUEST NO. 3:**   All documents evidencing that Dynamic Energy, Inc. has paid, in whole or in part, the AML reclamation fees, audit debts, and/or any associated interest, late payment penalties, or administrative expenses described in Paragraph 617 of the Complaint.

**RESPONSE:** None.

**REQUEST NO. 4:**   All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-013.

**RESPONSE:**  Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000041-DEF000043.

**REQUEST NO. 5:**   All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No.I18-090-000-014.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000041-DEF000043.

**REQUEST NO. 6:**   All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-007

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000058-DEF000059.

**REQUEST NO. 7:**   All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-0008

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000058-DEF000059.

**REQUEST NO. 8:**   All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-009.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000011.

**REQUEST NO. 9:**   All documents evidencing that James C. Justice, III administratively

AARON B. HOUCHENS, P.C.
Salem, Virginia

contested Individual Civil Penalty No. I18-090-000-018.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000028-DEF000030.

**REQUEST NO. 10:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-023

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6.

**REQUEST NO. 12:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-011.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000066-DEF000067.

**REQUEST NO. 13:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-012.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000066-DEF000067.

**REQUEST NO. 14:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-017.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000012

**REQUEST NO. 15:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-015.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000012.

**REQUEST NO. 16:** All documents evidencing that James C. Justice, III administratively contested Individual Civil Penalty No. I18-090-000-016.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6.

**REQUEST NO. 17:** All documents evidencing any payments made by any Defendants on any of the debts set forth in the Complaint.

**RESPONSE:** None.

**REQUEST NO. 18:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-013.

AARON B. HOUCHENS, P.C.
Salem, Virginia

**RESPONSE:** Defendants object to this request in that it requests information that will not be fully known until after discovery is completed. Without waiving the foregoing, based on information currently available to Defendants, Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000041-DEF000043.

**REQUEST NO. 19:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-014.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000041-DEF000043.

**REQUEST NO. 20:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-009

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000011.

**REQUEST NO. 21:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-018.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000028-DEF000030.

**REQUEST NO. 22:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-010.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000066-DEF000067.

**REQUEST NO. 23:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-011.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000066-DEF000067.

**REQUEST NO. 24:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-012.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000066-DEF000067.

**REQUEST NO. 25:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-017.

AARON B. HOUCHENS, P.C.
Salem, Virginia

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000012.

**REQUEST NO. 26:** All documents evidencing that you complied with the abatement agreement for Individual Civil Penalty No. I18-090-000-015.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000012.

**REQUEST NO. 27:** All documents evidencing that James C. Justice, III entered into an abatement agreement for Individual Civil Penalty No. I18-090-000-007.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000058-DEF000059.

**REQUEST NO. 28:** All documents evidencing that James C. Justice, III entered into an abatement agreement for Individual Civil Penalty No. I18-090-000-008.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6 and documents Bates Numbered DEF000058-DEF000059.

**REQUEST NO. 29:** All documents evidencing that James C. Justice, III entered into an abatement agreement for Individual Civil Penalty No. I18-090-000-023.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6.

**REQUEST NO. 30:** All documents evidencing that James C. Justice, III entered into an abatement agreement for Individual Civil Penalty No. I18-090-000-030.

**RESPONSE:** Defendants refer Plaintiff to their response to Interrogatory Number 6.

**REQUEST NO. 31:** All documents evidencing Defendants ceased mining and/or operations at the properties and permits subject to this enforcement action between 2017 and 2023.

**RESPONSE:** The Government is in possession of inspection reports that indicate there is ongoing reclamation on specific permits since 2017. Additionally, as part of the abatement agreements referred to as Bates Numbers DEF000016-DEF000082 Plaintiff has acknowledged certain work that has been completed during the time period in question.

Respectfully submitted,

A&G COAL CORP., et at.

By: _____
Of Counsel

Aaron B. Houchens, Esq. (VSB #80489)
AARON B. HOUCHENS, P.C.
111 East Main Street
P.O. Box 1250
Salem, Virginia 24153
540-389-4498 (telephone)
540-339-3903 (facsimile)
aaron@houchenslaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was forwarded to the following via U.S. mail and e-mail, this 17th day of November 2023.

Krista Consiglio Frith
United States Attorneys Office - Roanoke
Western District of Virginia
310 First Street, SW, Suite 906
Roanoke, VA 24008
Tel.: 540-857-2956
Fax: 540-857-2283
Krista.Frith@usdoj.gov

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No.: 7:23-cv-318 |
| ) | |
| A&G COAL CORP., et al ) | |
| ) | |
| *Defendants.* ) | |

**DEFENDANTS' RESPONSES TO THE UNITED STATES OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS**

Defendants A&G Coal Corp., Bluestone Coal Corp., Bluestone Oil Corp., Chestnut Land Holdings, LLC, Dynamic Energy, Inc., Frontier Coal Co., Justice Energy Co., Kentucky Fuel Corp., National Coal, LLC, Pay Car Mining, Inc. Premium Coal Company, Inc., S and H Mining, Tams Management, Inc, and James C. Justice, III (collectively the "Defendants"), and for their Responses to Requests for Admission submitted by the United States of America, state as follows:

**REQUESTS FOR ADMISSION**

**RFA NO 1:** Defendants have consented to judgment on the matter pertinent to this request. As such, this request is admitted.

**RFA NO. 2:** Defendants have consented to judgment on the matter pertinent to this request. As such, this request is admitted.

**RFA NO. 3:** Defendants admit that Mr. Justice did not administratively contest the Individual Civil Penalty. However, based upon an understanding with OSMRE that was outlined in abatement agreements, the individual civil penalties would not be assessed so long as the Corporate Defendants complied with their obligations.

**RFA NO. 4:** Defendants admit that Mr. Justice did not administratively contest the Individual Civil Penalty. However, based upon an understanding with OSMRE that was outlined in abatement agreements, the individual civil penalties would not be assessed so long as the Corporate Defendants complied with their obligations.

AARON B. HOUCHENS, P.C.
Salem, Virginia

**RFA NO. 5:** Defendants admit that Mr. Justice did not administratively contest the Individual Civil Penalty. However, based upon an understanding with OSMRE that was outlined in abatement agreements, the individual civil penalties would not be assessed so long as the Corporate Defendants complied with their obligations.

**RFA NO. 6:** Defendants admit that Mr. Justice did not administratively contest the Individual Civil Penalty. However, based upon an understanding with OSMRE that was outlined in abatement agreements, the individual civil penalties would not be assessed so long as the Corporate Defendants complied with their obligations.

**RFA NO. 7:** Defendants admit that Mr. Justice did not administratively contest the Individual Civil Penalty. However, based upon an understanding with OSMRE that was outlined in abatement agreements, the individual civil penalties would not be assessed so long as the Corporate Defendants complied with their obligations.

**RFA NO. 8:** Defendants admit that Mr. Justice did not administratively contest the Individual Civil Penalty. However, based upon an understanding with OSMRE that was outlined in abatement agreements, the individual civil penalties would not be assessed so long as the Corporate Defendants complied with their obligations.

**RFA NO. 9:** Defendants admit that Mr. Justice did not administratively contest the Individual Civil Penalty. However, based upon an understanding with OSMRE that was outlined in abatement agreements, the individual civil penalties would not be assessed so long as the Corporate Defendants complied with their obligations.

**RFA NO. 10:** Defendants admit that Mr. Justice did not administratively contest the Individual Civil Penalty. However, based upon an understanding with OSMRE that was outlined in abatement agreements, the individual civil penalties would not be assessed so long as the Corporate Defendants complied with their obligations.

**RFA NO. 11:** Defendants admit that Mr. Justice did not administratively contest the Individual Civil Penalty. However, based upon an understanding with OSMRE that was outlined in abatement agreements, the individual civil penalties would not be assessed so long as the Corporate Defendants complied with their obligations.

**RFA NO. 12:** Defendants admit that Mr. Justice did not administratively contest the Individual Civil Penalty. However, based upon an understanding with OSMRE that was outlined in abatement agreements, the individual civil penalties would not be assessed so long as the Corporate Defendants complied with their obligations.

**RFA NO. 13:** Defendants admit that Mr. Justice did not administratively contest the Individual Civil Penalty. However, based upon an understanding with OSMRE that was outlined in abatement agreements, the individual civil penalties would not be assessed so long as the Corporate Defendants complied with their obligations.

AARON B. HOUCHENS, P.C.
Salem, Virginia

**RFA NO. 14:** Defendants admit that Mr. Justice did not administratively contest the Individual Civil Penalty. However, based upon an understanding with OSMRE that was outlined in abatement agreements, the individual civil penalties would not be assessed so long as the Corporate Defendants complied with their obligations.

**RFA NO. 15:** Defendants admit that Mr. Justice did not administratively contest the Individual Civil Penalty. However, based upon an understanding with OSMRE that was outlined in abatement agreements, the individual civil penalties would not be assessed so long as the Corporate Defendants complied with their obligations.

                        Respectfully submitted,

                        A&G COAL CORP., et at.

                By: _____
                                    Of Counsel

Aaron B. Houchens, Esq. (VSB #80489)
AARON B. HOUCHENS, P.C.
111 East Main Street
P.O. Box 1250
Salem, Virginia 24153
540-389-4498 (telephone)
540-339-3903 (facsimile)
aaron@houchenslaw.com

      *Counsel for Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was forwarded to the following via U.S. mail and e-mail, this 17th day of November 2023.

Krista Consiglio Frith
United States Attorneys Office - Roanoke
Western District of Virginia
310 First Street, SW, Suite 906
Roanoke, VA 24008
Tel.: 540-857-2956
Fax: 540-857-2283
Krista.Frith@usdoj.gov

_____