Exhibit K

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        Plaintiff,        v.        A & G COAL CORP., et al.,        Defendants. | ) ) ) ) ) ) ) ) ) ) ) )    Case No. 7:23-cv-00318-RSB |

### DECLARATION OF DARRELL TAYLOR

I, Darrell Taylor, declare to the best of my knowledge and belief and under the penalty of perjury that the following is true and correct.

1. I am over 18 years of age, competent to testify in this case, and have personal knowledge of the matters discussed in this declaration.

2. I am a Supervisory Surface Mining Reclamation Specialist in the Lexington Field Office of the Office of Surface Mining Reclamation and Enforcement ("OSMRE"). I have served as a Supervisory Surface Mining Reclamation Specialist since January 2023. In this capacity, I serve as an authorized representative of the Secretary of the Interior and supervise the Surface Mining Reclamation Specialists in Kentucky and Tennessee. Prior to January 2023, I served as a Surface Mining Reclamation Specialist since November 2015. In that capacity, I served as an authorized representative of the Secretary of the Interior performing inspections of surface coal mining operations and issuing enforcement actions.

3. The area of responsibility for the Lexington Field Office includes Tennessee.

4. In my role as a Supervisory Surface Mining Reclamation Specialist, I am familiar with the operations of National Coal, LLC, Premium Coal Company, Inc., and S and H Mining, Inc. ("S+H Mining") (together, "Defendants") in Tennessee.

5. I am also familiar with the records of enforcement actions and penalties assessed against Defendants, including the penalties that the United States seeks to recover in this lawsuit.

6. I am aware that the United States has brought a lawsuit seeking to recover 17 individual civil penalties (ICPs) assessed against James C. Justice, III in 2018 and 2019. I am familiar with these penalties as well as the notices of violation and cessation orders underlying them.

7. OSMRE issued the 17 ICPs after Defendants failed to comply with notices of violation and cessation orders that required them to abate specific violations, including violations of the environmental performance standards and general minimum performance standards set forth in Section 515 of the Surface Mining Control and Reclamation Act of 1977 (SMCRA), 30 U.S.C. § 1265, which are applicable to all surface coal mining and reclamation operations.

8. James C. Justice, III did not enter into a timely abatement agreement with OSMRE for the following ICPs:  I18-090-000-006, I19-090-000-022, I19-090-000-024, I19-090-000-029, I18-090-000-007, I18-090-000-008, I19-090-000-023, and I19-090-000-030.

9. James C. Justice, III entered into timely abatement agreements for the following ICPs: I18-090-000-013, I18-090-000-014, I18-090-000-009, I18-090-000-018, I18-090-000-010, I18-090-000-011, I18-090-000-012, I18-090-000-017, and I18-090-000-015.  However, Mr. Justice failed to comply with the abatement deadlines set forth in the abatement agreements for these ICPs. Because Mr. Justice failed to comply with the abatement agreements, OSMRE issued final orders requiring payment of the ICPs.

10. As violation conditions remain unabated, they often contribute to or cause further deterioration of site conditions, including off-site impacts.  As just one example, a siltation pond is a feature designed to prevent the addition of suspended solids to streamflow or runoff outside a permit area. Unrepaired erosion features (rills and gullies) on a permit contribute additional sediment to siltation ponds resulting in sediment levels that surpass the approved clean out levels.  When sediment levels surpass approved clean out levels on siltation ponds, it can cause off-site impacts because the sediment-laden water is not retained in the pond long enough to allow the settling of suspended solids. This lack of adequate retention can cause off-site damage through: (a) additional flow out of the pond causing erosion and (b) suspended solids leaving the permit area.

11. Although Defendants have abated some of the conditions identified in some of the ICPs, the underlying conditions resulting in the issuance of the following ICPs remain unabated as of December 7, 2023:

- I18-090-000-007 (failure to maintain sediment control structures)
- I18-090-000-008 (failure to maintain a haul road)
- I18-090-000-010 (failure to maintain sediment basin SS-1B)
- I18-090-000-013 (placing spoil against the downslope windrow causing slope instability and exposed timber in backfill)
- I18-090-000-018 (failure to post an adjusted bond).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 7, 2023.



Darrell Taylor