Exhibit O-1

# INTERIOR BOARD OF LAND APPEALS

Premium Coal Company, Incorporated,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement,
Lexington Field Office
**APPELLEE**

**In re**:  Premium Coal Company, Incorporated Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for Premium Coal Company, Incorporated, Inc. related to Permit 2873, Haulroad 1R, located in Anderson and Campbell County, Tennessee

## STATEMENT OF REASONS

In accordance with 43 CFR §4.1282(d), Premium Coal Company, Incorporated ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 2873, Haulroad 1R, located in Anderson  and CampbellCounty, Tennessee should not be forfeited.

1.  Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.  Appellant has not refused to abate the underlying violation.

3.  Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.  Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.  Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.   In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-2

# INTERIOR BOARD OF LAND APPEALS

Premium Coal Company, Incorporated,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement,
Lexington Field Office
**APPELLEE**

**In re**:  Premium Coal Company, Incorporated Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for Premium Coal Company, Incorporated, Inc. related to Permit 2951, Area 18, located in Anderson County, Tennessee

## STATEMENT OF REASONS

In accordance with 43 CFR §4.1282(d), Premium Coal Company, Incorporated ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 2951, Area 18, located in Anderson County, Tennessee should not be forfeited.

1.  Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.  Appellant has not refused to abate the underlying violation.

3.  Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.  Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.  Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.  In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-3

## <u>INTERIOR BOARD OF LAND APPEALS</u>

S and H Mining, Inc.,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement, Lexington Field Office
**APPELLEE**

**In re**:  S and H Mining, Inc. Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for S and H Mining, Inc., Inc. related to Permit 3046, Mine #11, located in Campbell County, Tennessee

## <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), S and H Mining, Inc. ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3046, Mine #11, located in Campbell County, Tennessee should not be forfeited.

1.  Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.  Appellant has not refused to abate the underlying violation.

3.  Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.  Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.  Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.  In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7. Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule. The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8. The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-4

## <u>INTERIOR BOARD OF LAND APPEALS</u>

S and H Mining, Inc.,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement, Lexington Field Office
**APPELLEE**

**In re**:  S and H Mining, Inc. Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for S and H Mining, Inc., Inc. related to Permit 3055, Mine #12, located in Campbell County, Tennessee

## <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), S and H Mining, Inc. ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3055, Mine #12, located in Campbell County, Tennessee should not be forfeited.

1.   Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.   Appellant has not refused to abate the underlying violation.

3.   Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.   Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.   Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.   In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-5

## <u>INTERIOR BOARD OF LAND APPEALS</u>

Premium Coal Company, Incorporated,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement,
Lexington Field Office
**APPELLEE**

**In re**: Premium Coal Company, Incorporated Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for Premium Coal Company, Incorporated, Inc. related to Permit 3064, Refuse Area 3, located in Anderson County, Tennessee

## <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), Premium Coal Company, Incorporated ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3064, Refuse Area 3, located in Anderson County, Tennessee should not be forfeited.

1.  Appellant timely filed its Notice of Appeal in this matter. The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.  Appellant has not refused to abate the underlying violation.

3.  Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.  Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.  Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.  In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7. Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule. Such third party has been in communication with Appellee and a meeting is scheduled for October 20, 2023.

8. The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-6

# INTERIOR BOARD OF LAND APPEALS

Premium Coal Company, Incorporated,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement,
Lexington Field Office
**APPELLEE**

**In re**:  Premium Coal Company, Incorporated Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for Premium Coal Company, Incorporated, Inc. related to Permit 3143, Surface Mine Area #19, located in Anderson County, Tennessee

## STATEMENT OF REASONS

In accordance with 43 CFR §4.1282(d), Premium Coal Company, Incorporated ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3143, Surface Mine Area #19, located in Anderson County, Tennessee should not be forfeited.

1.  Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.  Appellant has not refused to abate the underlying violation.

3.  Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.  Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.  Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6. In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7. Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule. The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8. The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-7

## <u>INTERIOR BOARD OF LAND APPEALS</u>

Premium Coal Company, Incorporated,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement,
Lexington Field Office
**APPELLEE**

**In re**:  Premium Coal Company, Incorporated Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for Premium Coal Company, Incorporated, Inc. related to Permit 3183, Area #20, located in Campbell County, Tennessee

## <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), Premium Coal Company, Incorporated ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3183, Area #20, located in Campbell County, Tennessee should not be forfeited.

1.  Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.  Appellant has not refused to abate the underlying violation.

3.  Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.  Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.  Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.  In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.   The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-8

## <u>INTERIOR BOARD OF LAND APPEALS</u>

Premium Coal Company, Incorporated,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement, Lexington Field Office
**APPELLEE**

**In re**:  Premium Coal Company, Incorporated Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for Premium Coal Company, Incorporated, Inc. related to Permit 3233, Mine #3, located in Anderson County, Tennessee

## <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), Premium Coal Company, Incorporated ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3233, Mine #3, located in Anderson County, Tennessee should not be forfeited.

1.  Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.  Appellant has not refused to abate the underlying violation.

3.  Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.  Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.  Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.  In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-9

## INTERIOR BOARD OF LAND APPEALS

Premium Coal Company, Incorporated,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement, Lexington Field Office
**APPELLEE**

**In re**:  Premium Coal Company, Incorporated Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for Premium Coal Company, Incorporated, Inc. related to Permit 3234, Mine #4, located in Anderson County, Tennessee

## STATEMENT OF REASONS

In accordance with 43 CFR §4.1282(d), Premium Coal Company, Incorporated ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3234, Mine #4, located in Anderson County, Tennessee should not be forfeited.

1.   Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.   Appellant has not refused to abate the underlying violation.

3.   Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.   Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.   Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.   In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-10

# <u>INTERIOR BOARD OF LAND APPEALS</u>

Premium Coal Company, Incorporated,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement, Lexington Field Office
**APPELLEE**

**In re**: Premium Coal Company, Incorporated Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for Premium Coal Company, Incorporated, Inc. related to Permit 3235, Mine No. 15, located in Anderson County, Tennessee

## <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), Premium Coal Company, Incorporated ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3235, Mine No. 15, located in Anderson County, Tennessee should not be forfeited.

1. Appellant timely filed its Notice of Appeal in this matter. The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2. Appellant has not refused to abate the underlying violation.

3. Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4. Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5. Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6. In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7. Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule. Such third party has been in communication with Appellee and a meeting is scheduled for October 20, 2023.

8. The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-11

## INTERIOR BOARD OF LAND APPEALS

Premium Coal Company, Incorporated,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement, Lexington Field Office
**APPELLEE**

**In re**:  Premium Coal Company, Incorporated Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for Premium Coal Company, Incorporated, Inc. related to Permit 3236, Haulroad #3, located in Anderson, Morgan, and Scott Counties, Tennessee

## STATEMENT OF REASONS

In accordance with 43 CFR §4.1282(d), Premium Coal Company, Incorporated ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3236, Haulroad 3, located in Anderson , Morgan, and Scott Counties, Tennessee should not be forfeited.

1.  Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.  Appellant has not refused to abate the underlying violation.

3.  Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.  Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.  Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.   In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-12

# **INTERIOR BOARD OF LAND APPEALS**

Premium Coal Company, Incorporated,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement,
Lexington Field Office
**APPELLEE**

**In re**:  Premium Coal Company, Incorporated Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for Premium Coal Company, Incorporated, Inc. related to Permit 3237, Refuse Impoundment No. 3, located in Anderson County, Tennessee

## **STATEMENT OF REASONS**

In accordance with 43 CFR §4.1282(d), Premium Coal Company, Incorporated ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3237, Refuse Impoundment No. 3, located in Anderson County, Tennessee should not be forfeited.

1. Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2. Appellant has not refused to abate the underlying violation.

3. Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4. Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5. Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.   In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-13

# INTERIOR BOARD OF LAND APPEALS

Premium Coal Company, Incorporated,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement, Lexington Field Office
**APPELLEE**

**In re**:  Premium Coal Company, Incorporated Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for Premium Coal Company, Incorporated, Inc. related to Permit 3238, Loadout Tipple, located in Anderson County, Tennessee

## STATEMENT OF REASONS

In accordance with 43 CFR §4.1282(d), Premium Coal Company, Incorporated ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3238, Loadout Tipple, located in Anderson County, Tennessee should not be forfeited.

1.   Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.   Appellant has not refused to abate the underlying violation.

3.   Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.   Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.   Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.   In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  Such third party has been in communication with Appellee and a meeting is scheduled for October 20, 2023.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-14

## <u>INTERIOR BOARD OF LAND APPEALS</u>

Premium Coal Company, Incorporated,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement, Lexington Field Office
**APPELLEE**

**In re**:  Premium Coal Company, Incorporated Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for Premium Coal Company, Incorporated, Inc. related to Permit 3239, Baldwin Plant, located in Anderson County, Tennessee

## <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), Premium Coal Company, Incorporated ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3239, Baldwin Plant, located in Anderson County, Tennessee should not be forfeited.

1.  Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.  Appellant has not refused to abate the underlying violation.

3.  Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.  Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.  Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.  In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

      7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  Such third party has been in communication with Appellee and a meeting is scheduled for October 20, 2023.

      8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

      For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-15

## <u>INTERIOR BOARD OF LAND APPEALS</u>

Premium Coal Company, Incorporated,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement,
Lexington Field Office
**APPELLEE**

**In re**:  Premium Coal Company, Incorporated Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for Premium Coal Company, Incorporated, Inc. related to Permit 3240, Mine No. 17, located in Anderson County, Tennessee

## <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), Premium Coal Company, Incorporated ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3240, Mine No. 17, located in Anderson County, Tennessee should not be forfeited.

1.  Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.  Appellant has not refused to abate the underlying violation.

3.  Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.  Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.  Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.  In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.  Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.  The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-16

## <u>INTERIOR BOARD OF LAND APPEALS</u>

Premium Coal Company, Incorporated,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement, Lexington Field Office
**APPELLEE**

**In re**:  Premium Coal Company, Incorporated Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for Premium Coal Company, Incorporated, Inc. related to Permit 3241, Mine No. 5A, located in Anderson County, Tennessee

## <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), Premium Coal Company, Incorporated ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3240, Mine No. 5A, located in Anderson County, Tennessee should not be forfeited.

1.  Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.  Appellant has not refused to abate the underlying violation.

3.  Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.  Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.  Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.  In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-17

## <u>INTERIOR BOARD OF LAND APPEALS</u>

National Coal, LLC
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement, Lexington Field Office
**APPELLEE**

**In re**:  National Coal, LLC Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for National Coal, LLC, Inc. related to Permit 3249, Mine #7, located in Scott and Campbell Counties, Tennessee

## <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), National Coal, LLC ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3249, Mine #7, located in Campbell and Scott Counties, Tennessee should not be forfeited.

1.   Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.   Appellant has not refused to abate the underlying violation.

3.   Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.   Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.   Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.   In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-18

## INTERIOR BOARD OF LAND APPEALS

National Coal, LLC,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement, Lexington Field Office
**APPELLEE**

**In re**:  National Coal, LLC Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for National Coal, LLC, Inc. related to Permit 3254, Haulroad #1, located in Campbell County, Tennessee

## STATEMENT OF REASONS

In accordance with 43 CFR §4.1282(d), National Coal, LLC ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3254, Haulroad #1, located in Campbell County, Tennessee should not be forfeited.

1.  Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.  Appellant has not refused to abate the underlying violation.

3.  Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.  Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.  Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.  In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-19

## <u>INTERIOR BOARD OF LAND APPEALS</u>

National Coal, LLC
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement, Lexington Field Office
**APPELLEE**

**In re**:  National Coal, LLC Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for National Coal, LLC, Inc. related to Permit 3255, Deep Mine #8, located in Scott County, Tennessee

## <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), National Coal, LLC ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3255, Deep Mine #8, located in Scott County, Tennessee should not be forfeited.

1.   Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.   Appellant has not refused to abate the underlying violation.

3.   Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.   Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.   Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.   In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-20

# <u>INTERIOR BOARD OF LAND APPEALS</u>

National Coal, LLC,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement, Lexington Field Office
**APPELLEE**

**In re**:  National Coal, LLC Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for National Coal, LLC, Inc. related to Permit 3256, Deep Mine #9, located in Scott County, Tennessee

## <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), National Coal, LLC ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 3256, Deep Mine #9, located in Scott County, Tennessee should not be forfeited.

1.  Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.  Appellant has not refused to abate the underlying violation.

3.  Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.  Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.  Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.  In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-21

# <u>INTERIOR BOARD OF LAND APPEALS</u>

Premium Coal Company, Incorporated,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement,
Lexington Field Office
**APPELLEE**

**In re**:  Premium Coal Company, Incorporated Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for Premium Coal Company, Incorporated, Inc. related to Permit 2883, Refuse Area 2, located in Anderson County, Tennessee

# <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), Premium Coal Company, Incorporated ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit 2883, Refuse Area 2, located in Anderson County, Tennessee should not be forfeited.

1.  Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.  Appellant has not refused to abate the underlying violation.

3.  Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.  Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.  Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.  In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.  Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  Such third party has been in communication with Appellee and a meeting is scheduled for October 20, 2023.

8.  The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-22

## <u>INTERIOR BOARD OF LAND APPEALS</u>

National Coal, LLC,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement, Lexington Field Office
**APPELLEE**

**In re**:  National Coal, LLC Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for National Coal, LLC, Inc. related to Permit TN-020, Deep Mine #10, located in Campbell County, Tennessee

## <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), National Coal, LLC ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit TN-020, Deep Mine #10, located in Campbell County, Tennessee should not be forfeited.

1.   Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.   Appellant has not refused to abate the underlying violation.

3.   Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.   Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.   Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.   In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-23

## <u>INTERIOR BOARD OF LAND APPEALS</u>

National Coal, LLC,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement,
Lexington Field Office
**APPELLEE**

**In re**:  National Coal, LLC Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for National Coal, LLC, Inc. related to Permit TN-021, Mine #14, located in Campbell County, Tennessee

## <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), National Coal, LLC ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit TN-021, Mine #14, located in Campbell County, Tennessee should not be forfeited.

1.  Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.  Appellant has not refused to abate the underlying violation.

3.  Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.  Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.  Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.  In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7. Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule. The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8. The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.

Exhibit O-24

## <u>INTERIOR BOARD OF LAND APPEALS</u>

National Coal, LLC,
**APPELLANT**

v.

United States Department of Interior Office of Surface Mining Reclamation and Enforcement,
Lexington Field Office
**APPELLEE**

**In re**:  National Coal, LLC Notice of Appeal relating to United States Department of Interior Office of Surface Mining Reclamation and Enforcement, (Lexington Field Office) determination to forfeit the performance bond for National Coal, LLC, Inc. related to Permit TN-023, Deep Mine #11, located in Campbell County, Tennessee

## <u>STATEMENT OF REASONS</u>

In accordance with 43 CFR §4.1282(d), National Coal, LLC ("Appellant") submits the following Statement of Reasons as to why the performance bond related to Permit TN-023, Deep Mine #11, located in Campbell County, Tennessee should not be forfeited.

1.   Appellant timely filed its Notice of Appeal in this matter.  The Notice of Appeal did not include a Statement of Reasons, which Appellant has elected to file in accordance with 43 CFR §4.1282(d).

2.   Appellant has not refused to abate the underlying violation.

3.   Appellant is prepared to conduct the necessary work to abate the violation and take steps to reasonably avoid like violations in the future.

4.   Appellee's determination to forfeit the performance bond is both arbitrary and capricious and is a violation of Appellant's rights under Federal Law.

5.   Forfeiture of the performance bond is a penalty that is disproportionate to the alleged harm and is an excessive fine in violation of the Eighth Amendment to the United States Constitution.

6.   In accordance with 30 CFR §800.50(a)(2)(i) Appellant, is willing and able to enter into an agreement with Appellee wherein either Appellant, or another party will perform the

reclamation operations in accordance with a compliance schedule which meets the conditions of the permit, the reclamation plan, and the regulatory program and a demonstration that such party has the ability to satisfy the conditions.

7.   Appellant has advised Appellee that a third party has agreed to perform the reclamation operations in accordance with a compliance schedule.  The third party with Appellee had a meeting on October 20, 2023, and follow up conversations are forthcoming.

8.   The interests of the State of Tennessee and United States of America are better served and protected by allowing the continuance of the performance bond and reclamation operations by a third party that is ready, willing, and able, rather than placing such burden upon Appellee.

For the reasons above, Appellant requests the Board reverse the decision of the Appellee to forfeit the bond, or in the alternative order a hearing in accordance with 43 CFR §4.1286(b).

Respectfully submitted,

/s/ Stephen W. Ball_____
Stephen W. Ball
General Counsel
WV State Bar ID #8776
302 S. Jefferson Street
Roanoke, VA 24011
steve.ball@bluestone-coal.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically via email to ibla@oha.doi.gov  and via email to John Henson, Attorney-Adviser, US Department of the Interior, Field Solicitor's Office at john.henson@sol.doi.gov and to Michael Castle, Office of Surface Mining Reclamation and Enforcement, Field Officer Director Lexington Field Office at mcastle@osmre.gov.